SAUNDERS ET AL., APPELLANTS, *v.* CHOI, APPELLEE, ET AL.

[Cite as Saunders *v.* Choi (1984), 12 Ohio St. 3d 247.]

(No. 83-1085—Decided August 1, 1984.)

*Mr. Peter Onysko,* for appellants.

*Quandt, Giffels, Buck & Rodgers Co., L.P.A., Mr. Joseph R. Tira* and *Mr. Robert G. Quandt,* for appellee.

SWEENEY, J. The plaintiff-appellant submits that R.C. 2305.15, 2305.19 and Civ. R. 3(A) must be read *in pari materia,* meaning that the two statutes and the civil rule are to be construed together.[2] It is the appellant's contention that since defendant-appellee, Dr. Chul Choi, has been continually absent from the state of Ohio since June 30, 1977, R.C. 2305.15 tolls the time limitation for the commencement of an action under Civ. R. 3(A). Appellant further argues that both R.C. 2305.15 and 2305.19 are remedial in nature, and as such, must be liberally construed.

R.C. 2305.15 provides as follows:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action *as provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code,* does not begin to run until he comes into the state or while he is so absconded or concealed. After the cause of action accrues if he departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." (Emphasis added.)

As this court held in paragraph two of the syllabus in *Szekely* v. *Young* (1963), 174 Ohio St. 213 [22 O.O.2d 214]:

"A direction to liberally construe a statute in favor of certain parties will not authorize a court to read into the statute something which cannot reasonably be implied from the language of the statute." See, also, *Felske* v. *Daugherty* (1980), 64 Ohio St. 2d 89, 91 [18 O.O.3d 313]; *Farrier* v. *Connor* (1984), 12 Ohio St. 3d 219, 221-222.

We are of the opinion that the plain language of R.C. 2305.15 reveals that this savings provision does not apply to an action brought under R.C. 2305.19. While the appellant maintains that the maxim *in pari materia* applies to the situation in the instant case, the appellant at the same time ignores the express language of R.C. 2305.15 which effectively denies its application to an action filed under R.C. 2305.19. In interpreting the above-emphasized language of R.C. 2305.15, it appears to us that the common-law doctrine of *expressio unius est exclusio alterius*[3] applies, and thus prevents the statute from operating in an action brought by virtue of R.C. 2305.19.

While it is true that the subject matter of the instant case was originally filed under R.C. 2305.11, the complaint brought under this statute, although timely commenced, was dismissed without prejudice for failure to prosecute. But for the existence of R.C. 2305.19, appellant would have been unable to maintain her cause of action.

R.C. 2305.19 provides in relevant part:

---

[2] Black's Law Dictionary (5 Ed. 1979), at 711.

[3] "A maxim of statutory interpretation meaning that the expression of one thing is the exclusion of another." *Id.* at 521.

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, *or if the plaintiff fails otherwise than upon the merits,* and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff, or, if he dies and the cause of action survives, his representatives may *commence* a new action within one year after such date. * * *" (Emphasis added.)

Thus, although the statute of limitations had expired under appellant's original malpractice action brought under R.C. 2305.11 when said action was dismissed for failure to prosecute, R.C. 2305.19 provided appellant with another opportunity to revive her cause of action which would have been otherwise time-barred, but for this savings provision.

The record indicates that appellant timely filed her second complaint, brought pursuant to R.C. 2305.19, but did not timely "commence" her action until after the time limitation contained in Civ. R. 3(A) had expired.

Under Civ. R. 3(A), an action is not deemed to be "commenced" unless service of process is obtained within one year from the date of the filing of the action. The record before us reveals that service of process over the appellee was not obtained until approximately two years had elapsed from the date of filing, and this presumes that the method of service of process undertaken was indeed valid.

In any event, since service of process was not obtained within the time constraints set forth in Civ. R. 3(A), appellant's action was therefore not timely commenced either under the Civil Rules or R.C. 2305.19. The interplay of R.C. 2305.19 and Civ. R. 3(A) gave appellant, in effect, two years within which to commence her action. R.C. 2305.19 provided appellant with one year in which to refile or revive her previously dismissed complaint. Civ. R. 3(A) provided appellant with another year in which to obtain service of process over the appellee, Dr. Choi. Since appellant failed to obtain service of process within the time period allotted in Civ. R. 3(A), under the procedural devices governing service of process set forth in Civ. R. 4 *et seq.,* appellant's action must fail.

Among other things, the purpose of Civ. R. 3(A) is designed to promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary clogging of court dockets caused by undue delay. The rule puts litigants on notice that a reasonable time will be afforded in order to obtain service of process over defendants. Such a rule goes to the essence of civil procedure and is not, in our view, a mere technicality designed to deny parties their day in court.

As in the instant case, a plaintiff is the master of his or her cause of action. The failure of a plaintiff to comply with rules promulgated under our uniform modes of procedure should not compel this court to carve out a limited exception in order to grant such a litigant another opportunity to do that which he failed to do in the first place.

Therefore, we hold that the tolling provisions of R.C. 2305.15 are expressly inapplicable to an action brought under R.C. 2305.19, and cannot be

used in order to extend the one-year time limitation within which to commence an action under Civ. R. 3(A). The judgment of the court of appeals in case No. 45101 is hereby affirmed.

With respect to the complaint filed by appellant on February 22, 1982 in case No. 45578, we agree with the appellate court that this complaint was barred by the statute of limitations and was properly dismissed by the trial court.

Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, LOCHER and HOLMES, JJ., concur.

C. BROWN and J.P. CELEBREZZE, JJ., dissent.

CLIFFORD F. BROWN, J., dissenting. Both R.C. 2305.15 and 2305.19 are remedial statutes and should be liberally construed to permit the resolution of controversies upon their merits rather than upon mere technicalities of procedure. *Cero Realty Corp.* v. *American Mfrs. Mut. Ins. Co.* (1960), 171 Ohio St. 82 [12 O.O.2d 92]. The majority applies the two statutes very strictly. I therefore dissent.

Today's decision has the anomalous effect that a plaintiff may defer filing of his complaint indefinitely while the defendant is absent from the state under R.C. 2305.15, but if he files during such time, service must nevertheless be obtained within one year under Civ. R. 3(A).

R.C. 2305.15 provides that "[a]fter the cause of action accrues if * * * [the defendant] departs from the state, or absconds or conceals himself, the time of his absence or concealment shall not be computed as any part of a period within which the action must be brought." Liberally construed, the phrase "any part of a period within which the action must be brought" applies to the one-year period for service of process under Civ. R. 3(A).

There is absolutely no reasonable basis for imposing harsher results on a plaintiff due to the defendant's non-amenability to service under R.C. 2305.19 than is imposed under R.C. 2305.15. Under the decision reached today, a resolution of this case on its merits can never be had. A liberal construction of these statutes, mandated by *Cero Realty, supra,* will allow this case to proceed to a proper conclusion. I remain unalterably opposed to judicial theorizing which prizes procedural niceties over the resolution of controversies on their merits.

Liberal construction of the interplay of R.C. 2305.15 and 2305.19 requires that the two statutes be read *in pari materia* to toll the time for service while a defendant is out of state and not amenable to process. Accordingly, I would reverse the judgment of the court of appeals and remand the cause for further proceedings.

J.P. CELEBREZZE, J., concurs in the foregoing dissenting opinion.