SISK & ASSOCIATES, INC., APPELLEE, *v.* COMMITTEE TO ELECT

TIMOTHY GRENDELL, APPELLANT, ET AL.

[Cite as *Sisk & Assoc., Inc. v. Commt. to Elect Timothy Grendell,*

123 Ohio St.3d 447, 2009-Ohio-5591.]

*Civil procedure — Civ.R. 3(A) — Civ.R.41 — Instruction for a clerk to attempt service of a complaint that was filed more than a year prior is a "notice dismissal" of the claims — When a complaint making the same claims has been previously dismissed by a plaintiff, an instruction to attempt service of a complaint filed more than a year prior is a second notice dismissal, resulting in dismissal with prejudice of the claims.*

(No. 2008-1265 — Submitted April 7, 2009 — Decided October 29, 2009.)

APPEAL from the Court of Appeals for Franklin County, No. 07AP-1002,

2008-Ohio-2342.

_____

SYLLABUS OF THE COURT

When a plaintiff files an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice dismissal of the claims, and if the plaintiff had previously filed a notice dismissing a complaint making the same claim, the instruction, by operation of law, is a second notice dismissal, resulting in dismissal with prejudice of the claims. (*Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 575 N.E.2d 801, and *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, construed and applied.)

_____

**PFEIFER, J.**

**{¶ 1}** The issue in this case is whether the trial court's dismissal of a second complaint constituted a dismissal with or without prejudice. We conclude that it was a dismissal with prejudice.

## Background and Procedural History

**{¶ 2}** Appellee, Sisk & Associates, Inc. ("Sisk"), filed a complaint for breach of contract against appellant, the Committee to Elect Timothy Grendell ("committee"), on September 23, 2004. Sisk failed to obtain service on the committee within one year and voluntarily dismissed the action. Sisk refiled the claim on October 19, 2005, and then filed an amended complaint on February 3, 2006. Sisk did not obtain service within one year of October 19, 2005, but requested that the clerk serve the committee on March 26, 2007, outside the one-year time limit found in Civ.R. 3(A). Based on Sisk's failure to obtain service within one year of the filing of the complaint, the trial court dismissed the second action without prejudice.

**{¶ 3}** On appeal, the court of appeals affirmed the ruling of the lower court. It reasoned that the trial court had dismissed the action for lack of personal jurisdiction over appellants, after Sisk failed to perfect service, and that dismissal for lack of personal jurisdiction is always "other than on the merits." Civ.R. 41(B)(4).

**{¶ 4}** We granted the committee's discretionary appeal. 119 Ohio St.3d 1502, 2008-Ohio-5467, 895 N.E.2d 565.

## Analysis

**{¶ 5}** Civ.R. 3(A) states that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." A principal purpose of Civ.R. 3(A) is "to promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary

2

clogging of court dockets caused by undue delay." *Saunders v. Choi* (1984), 12 Ohio St.3d 247, 250, 12 OBR 327, 466 N.E.2d 889. See *Fetterolf v. Hoffmann-LaRoche, Inc*. (1995), 104 Ohio App.3d 272, 277, 661 N.E.2d 811 (construing *Saunders* and determining that "no extension [of time to perfect service] can be granted after the one-year limitations period for commencement of an action as required by Civ.R. 3(A) has run").

{¶ 6} The dismissal of the first complaint was voluntary. The dismissal of the second complaint was involuntary. Had the second complaint been voluntarily dismissed, it would have operated as a dismissal on the merits because it would have been the second voluntary dismissal of the same claim. Civ.R. 41(A)(1) (a) (voluntary dismissal "is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court"); *Olynyk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, 868 N.E.2d 254, syllabus. See *Schafer v. Sunsports Surf Co., Inc*. (10th Dist. No. 06AP-484), 2006-Ohio-6002, ¶ 15. But the second dismissal was not voluntary, it was involuntary, pursuant to Civ.R. 41(B)(1), because Sisk failed to comply with Civ.R. 3(A). Accordingly, Civ.R. 41(B)(3) applies; it provides that an involuntary dismissal "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." The trial court specified that the dismissal was without prejudice.

{¶ 7} Because the trial court involuntarily dismissed the complaint, but without prejudice, the dismissal is, according to Civ.R. 41(B)(3), other than on the merits. But the situation thereby created is clearly incompatible with the purpose of Civ.R. 3(A), which is "to promote the prompt and orderly resolution of litigation." *Saunders*, 12 Ohio St.3d at 250, 12 OBR 327, 466 N.E.2d 889. Furthermore, allowing the dismissal to be without prejudice would grant Sisk a better result from an involuntary dismissal than from a voluntary dismissal. The

bottom line in this case is that Sisk has utterly failed to comply with the service requirement in Civ.R. 3(A). To allow Sisk to proceed with its case, after twice failing to perfect service within a year, would be a perversion of justice.

{¶ 8} We are persuaded that the just approach is to assume, as we did in *Goolsby v. Anderson Concrete Corp.* (1991), 61 Ohio St.3d 549, 551, 575 N.E.2d 801, that an instruction to the clerk of courts to attempt service outside the one-year period in Civ.R. 3(A) is "equivalent to a refiling of the complaint." Id. at syllabus. The attempt to serve the second complaint more than one year after it was filed is equivalent, then, to a refiling of the complaint, which necessarily implies that the second complaint had been dismissed by notice, as in *Goolsby*. Unlike the plaintiff in *Goolsby*, however, Sisk has already dismissed his claim once. The subsequent notice dismissal, even if implied, therefore "operates as an adjudication upon the merits." Civ.R. 41(A)(1); *Olynyk*, 114 Ohio St.3d at 59, 868 N.E.2d 254. See *Schafer,* 2006-Ohio-6002, at ¶ 15 (construing *Goolsby,* in a case very similar to this one, and concluding that "a second voluntary dismissal (necessary in order to refile) would have resulted in an adjudication upon the merits of his claims").

{¶ 9} Therefore, we hold that when a plaintiff files an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice dismissal of the claims, and if the plaintiff had previously filed a notice dismissing a complaint making the same claim, the instruction, by operation of law, is a second notice dismissal, resulting in dismissal with prejudice of the claims. We reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and LANZINGER, JJ., concur.

CUPP, J., concurs in judgment only.

_____

Christensen, Christensen, Donchatz, Kettlewell & Owens, L.L.P., and Timothy J. Owens, for appellee.

Grendell & Simon Co., L.P.A., and Timothy J. Grendell; and Buckingham, Doolittle & Burroughs, L.L.P., John P. Slagter, and Anthony R. Vacanti, for appellant.

_____