[Cite as *U.S. Bank Natl. Assn.. v. Holland*, 2011-Ohio-5301.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

U.S. BANK NATIONAL ASSOCIATION

    Plaintiff-Appellee

-vs-

CARLTON E. HOLLAND, ET AL.

    Defendant-Appellant

JUDGES:
Hon. W. Scott Gwin, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 2011CA00046

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2009CV02976 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | October 13, 2011 |

APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| BENJAMIN D. CARNAHAN | DAVID A. VAN GAASBEEK |
| Dinn, Hochman & Potter, LIC | 1303 West Maple Street |
| 5910 Landerbrook Drive, Suite 200 | Suite 104 |
| Cleveland, Ohio 44124 | North Canton, Ohio 44720 |

*Hoffman, J.*

**(¶1)** Defendant-appellant Sandra Cuenot, Successor-Trustee of the Gabriel S. Cuenot Revocable Trust dated December 15, 1994, ("Cuenot"), appeals the February 4, 2011 Judgment Entry entered by the Stark County Court of Common Pleas which dismissed its counterclaim with prejudice. Plaintiff-appellee is U.S. Bank National Association as Trustee under Pooling and Servicing Agreement dated as of December 1, 2006 MASTR Asset Backed Securities Trust 2006-HE 5 Mortgage Pass-Through Certificates Series 2006-HE 5 ("U.S. Bank").

## STATEMENTS OF THE FACTS AND CASE

**(¶2)** Carlton and Silka Holland borrowed money to buy a house. The mortgage securing the home loan was eventually purchased by U.S. Bank. The Hollands gave a second mortgage to Cuenot.

**(¶3)** The Hollands defaulted on their mortgage payments to U.S. Bank, who then filed for foreclosure in September, 2008. Cuenot was joined as a defendant in that action. That complaint was voluntarily dismissed by U.S. Bank after a repayment agreement was entered into between itself and the Hollands.

**(¶4)** Following a subsequent default by the Hollands, U.S. Bank again filed for foreclosure in January 9, 2009. Cuenot was again joined as a defendant. The trial court dismissed U.S. Bank's complaint **without prejudice** for want of prosecution pursuant to Civ.R. 41(B)(1) on March 31, 2009.

**(¶5)** The Hollands remained in default prompting U.S. Bank to yet again file the instant foreclosure action in July, 2009. Cuenot was again joined as a defendant.

Cuenot filed a counterclaim seeking to have its second mortgage lien take priority over U.S. Bank's mortgage lien based upon its theory the double-dismissal rule applied and precluded U.S. Bank from asserting any further claim. Eventually, U.S. Bank and the Hollands settled and dismissed the underlying foreclosure complaint by entering into another loan modification agreement. Cuenot's counterclaim remained pending.

**(¶6)** The parties filed a stipulation of facts and briefs on the issue of prioritization of their respective mortgage liens. On February 4, 2011, the trial court dismissed with prejudice Cuenot's counterclaim, declaring U.S. Bank's lien had priority over Cuenot's lien.

**(¶7)** It is from that judgment entry Cuenot prosecutes this appeal, assigning as error:

**(¶8)** "I. THE TRIAL COURT ERRED BY RULING THAT APPELLEE'S LIEN HAS PRIORITY BECAUSE APPELLEE IS BARRED FROM ASSERTING ITS CLAIM AGAINST CARLTON E. HOLLAND AND SILKA HOLLAND BECAUSE THERE HAVE BEEN TWO PREVIOUS DISMISSALS OF THE SAME COMPLAINT IN CASE NUMBERS 2008CV04183 AND 2009CV00086."

**(¶9)** Herein, Cuenot argues U.S. Bank's instant foreclosure complaint was barred by res judicata. Cuenot cites *U.S. Bank Nat'l Ass'n v. Gullotta* (2008), 120 Ohio St.3d 399, which relied upon *Olynyk v. Scoles* (2007), 114 Ohio St.3d 56, to support its argument.

**(¶10)** We find the trial court properly distinguished the *Olynyk* case as it involved two dismissals under Civ.R. 41(A)(1), as opposed to the instant case which involved one dismissal under Civ.R. 4(A)(1) and a subsequent dismissal without prejudice under

Civ.R. 41(B)(1). We find the trial court correctly applied *Olynyk* to the case sub judice in determining the "double dismissal" rule did not apply.[1,2]

**(¶11)** Cuenot's sole assignment of error is overruled.

**(¶12)** The judgment of the trial court is affirmed.

By: Hoffman, J.

Gwin, P.J. and

Farmer, J. concur

s/ William B. Hoffman
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin
HON. W. SCOTT GWIN


s/ Sheila G. Farmer
HON. SHEILA G. FARMER

---

[1] Although not raised by U.S. Bank, we would find Cuenot's argument barred by res judicata because it failed to raise such via direct appeal after the trial court's dismissal **without prejudice** of U.S. Bank's second foreclosure complaint.

[2] We find Cuenot's reliance of *Sisk & Associates Inc. v. Comm. to Elect Tim Grendell* (2009), 123 Ohio St.3d 447, distinguishable as it was based on Civ.R. 3(A), and held an instruction by plaintiff to the clerk to attempt service on a complaint filed more than a year after the complaint was filed, operates, as a matter of law, as a second notice of dismissal under Civ.R. 4(A)(1).

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


U.S. BANK NATIONAL ASSOCIATION    :
    :
    Plaintiff-Appellee    :
    :
-vs-    :        JUDGMENT ENTRY
    :
CARLTON E. HOLLAND, ET AL.    :
    :
    Defendant-Appellant    :        Case No. 2011CA00046


For the reasons stated in our accompanying Opinion, the February 4, 2011

Judgment Entry of the Stark County Court of Common Pleas is affirmed.  Costs to

Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER