[Cite as *Waite v. Mahalaxmi, Inc.*, 2012-Ohio-15.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| LYNN H. WAITE | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellant | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2011-CA-00028 |
| MAHALAXMI, INC. | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Civil appeal from the Fairfield County Court
of Common Pleas, Case No. 2009CV1308

JUDGMENT:                    Reversed and Remanded

DATE OF JUDGMENT ENTRY:      January 3, 2012

APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

MARK A. CHUPARKOFF                   CLARE E. KRUMLAUF
CHUPARKOFF LAW OFFICE                280 N. High Street, Ste. 1010
Box 3775                             Columbus, OH 43215
Dublin, OH 43016

*Gwin, P.J.*

{1} Plaintiff-appellant Lynn H. Waite appeals a judgment of the Court of Common Pleas of Fairfield County, Ohio, which found her claim against defendant-appellee Mahalaxmi, Inc. was barred by the statute of limitations. Appellant assigns a single error to the trial court:

{2} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING APPELLEE'S MOTION TO DISMISS/MOTION FOR JUDGMENT ON THE PLEADINGS TO THE EXTENT THAT OHIO LAW PERMITS SERVICE OF A COMPLAINT OUTSIDE OF ONE YEAR."

{3} The record indicates appellant stayed at a Best Western Hotel owned and operated by appellee. Appellant alleges during her stay she was the victim of a bed bug attack, resulting in numerous personal injuries to her.

{4} Appellant filed suit against appellee on October 7, 2009, and on the same day requested service by certified mail. The certified mail was unclaimed, and appellant issued a praecipe on April 13, 2010 to the clerk of courts for certified mail. Service was not perfected again. On October 14, 2010, appellant requested service by ordinary U.S. Mail.

{5} On February 2, 2011, appellees filed a motion to dismiss alleging appellant had failed to commence her suit within the applicable statute of limitations. The trial court found appellant had one year from the filing to obtain service on appellee and commence the action, but failed to do so. The court found under *Goolsby v. Anderson Concrete Company* (1991), 61 Ohio St. 3d 549, 575 N.E. 2d 801, appellant's issuing of a praecipe for ordinary mail service on October 14, 2010 was the equivalent of

dismissing and re-filing her action. The court found the re-filing did not occur during the statute of limitations or within one year of the filing date, and for this reason, the savings statute did not allow appellant to re-file her complaint.

{6} For the reasons stated below, we do not agree.

{7} In *Goolsby,* and the subsequent case of *Sisk & Associates, Inc. v. Committee to Elect Timothy Grendell,* 123 Ohio St. 3d 447, 2009-Ohio-5591, the Ohio Supreme Court explained the law establishing the filing and service of a complaint. In *Goolsby,* the plaintiff filed a complaint on February 6, 1986, and asked the clerk to hold service of the summons and complaint. Two days before the statute of limitations ran, on July 17, 1987, plaintiff directed the clerk to issue a summons, and service was obtained on July 23, 1987. The Supreme Court cited Civ. R. 3 (A), which provides a civil action is commenced by filing a complaint with the court if service is obtained within one year after such filing upon a named defendant. The Supreme Court explained one clear consequence of this provision is that it is not necessary to actually serve the defendant within the statute of limitations. A plaintiff could arguably file her complaint on the last day of the limitations period and still have a full year in which to obtain service.

{8} The court found while technically, it could find plaintiff had not commenced her action, she could dismiss her case and re-file an identical complaint. The Supreme Court found if service has not been obtained within one year of filing of the complaint, and the subsequent re-filing of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ. R. 3 (A), an instruction to the clerk to attempt service on the complaint would be the equivalent of dismissing and re-filing the complaint.

**{9}** The *Goolsby* court also noted Civ. R. 4 (E) permits the court to dismiss a case without prejudice if service is not made within six months after filing the complaint. This provision allows courts to clear their dockets of cases in which plaintiffs have not pursued service on a defendant, and would be applied if a plaintiff has neglected to attempt service after original service of process fails. The Supreme Court found the trial court should have dismissed the complaint without prejudice because service was not attempted, and then, the plaintiff would have been required to re-file her complaint. The Supreme Court found the original complaint, however, was never dismissed by the court, so the filing of the new praecipe constituted a voluntary dismissal and re-filing.

**{10}** In *Sisk,* supra, the Supreme Court found if a plaintiff files an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction is a notice of voluntary dismissal of the claims, but if the plaintiff has previously filed a dismissal of a complaint making the same claim, then by action of law the two dismissal rule results in dismissal of the case with prejudice.

**{11}** The situation is complicated by R.C. 2305.19, commonly known as the savings statute. The savings statute provides; " in an action commenced, or attempted to be commenced, if in due time *** the plaintiff fails otherwise than upon the merits, and the time limited for further commencement of such action at the date of *** failure has expired, the plaintiff *** may commence a new action within one year after such date."

**{12}** Civ. R. 3 provides an action is commenced if service is perfected within one year of filing. Formerly, the more problematic area was whether the action is "attempted to be commenced" if the plaintiff files the action but fails to serve the defendant within one year. In *Thomas v. Freeman,* 79 Ohio State 3d 221, 1997-Ohio-

395, 680 N.E. 2d 997, the Ohio Supreme Court explained that Ms. Thomas filed her initial complaint and demanded service before the two-year statute of limitations expired. She did not perfect service and the court dismissed her case. The Supreme Court held a dismissal for failure to accomplish service is otherwise than on the merits and without prejudice. Syllabus by the court, paragraph 1. The court concluded if a case is dismissed for lack of service, the saving statute permits a plaintiff to re-file the case within one year if all other procedural requirements have been met. Syllabus, paragraph 2.

{13} In *Abel v. Safety First Industries*, Cuyahoga App. No. 80550, 2002-Ohio-6482, the court found prior to the *Thomas* decision, courts had found an action is commenced or attempted to be commenced, for purposes of R.C. 2305.19, only if effective service of process is obtained upon a defendant. *Abel* at paragraph 40, citations deleted. The court of appeals concluded that after *Thomas,* the applicability of R.C. 2305.19 is not limited only to circumstances where effective service of process has been obtained. Rather, by its express language, the savings statute also applies where there has been an attempt to commence an action. *Abel* at paragraph 42.

{14} The *Abel* court also found technically the suit failed otherwise than on the merits on the date one year after the first lawsuit was filed, following which the lawsuit could no longer be commenced. However, the court of appeals reasoned that to liberally construe the Rules in order to resolve cases on their merits, the time should run from the date the court actually dismissed the case, which was some time after the year had expired. Id at paragraph 45.

**{15}** In *Goolsby,* the Supreme Court noted the plaintiff had not attempted service within six months, and the trial court could have dismissed her case for failure to prosecute pursuant to Civ. R. 4. In the case before us, the record shows appellant attempted service with the filing of the complaint. Appellant should not be in a worse situation than the plaintiff in *Goolsby* because she actively attempted to pursue her claim. After the initial failure of service, appellant made further attempts to serve the complaint during the year following the filing. We conclude she "attempted to commence" the action by filing her complaint and her original praecipe for service within the two year statute of limitations. Because she had attempted to commence her case, the saving statute applies to extend the time for filing past the statute of limitations.

**{16}** We also find appellant's April 13, 2010 praecipe does not constitute a dismissal and re-filing, because if service had been successful then, it would have been made within the one year of filing, and neither the *Goolsby* rule nor the savings statute would be necessary to preserve appellant's action.

**{17}** We conclude the trial court erred in finding the statute of limitations barred appellant's claim.

**{18}** The assignment of error is sustained.

**{19}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.

By Gwin, P.J.,

Wise, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

_____
HON. PATRICIA A. DELANEY

WSG:clw 1212

[Cite as *Waite v. Mahalaxmi, Inc.*, 2012-Ohio-15.]

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

LYNN H. WAITE                          :
                                       :
          Plaintiff-Appellant          :
                                       :
                                       :
                                       :
-vs-                                   :          JUDGMENT ENTRY
                                       :
MAHALAXMI, INC.                        :
                                       :
                                       :
          Defendant-Appellee           :          CASE NO. 2011-CA-00028


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield, Ohio, is reversed, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.


_____

HON. W. SCOTT GWIN


_____

HON. JOHN W. WISE


_____

HON. PATRICIA A. DELANEY