TUCKER, J., concurring:
{¶ 148} I concur in the thorough, well-reasoned majority opinion. I write separately to note that while the issue of when the savings statute is applicable is difficult, with this difficulty caused, I think, by the conflicting case law, the issue is relatively straightforward when the focus is upon the events necessary to trigger such application. The events that must occur to trigger use of the savings statute are as follows: (1) the initial action must have been filed within the statute of limitations period; (2) the action must have been commenced, or attempted to be commenced, under Civ.R. 3(A), and (3) the action must have failed otherwise than upon the merits after the expiration of the statute of limitations. Korn v. Mackey , 2d Dist. Montgomery No. 20727, 2005-Ohio-2768, 2005 WL 1322713, ¶ 20.
*120 {¶ 149} There is no dispute, at least for purposes of the present discussion, that Moore filed the medical negligence cause of action against Humphreys within the statute of limitations period. Thus, for purposes of this discussion, the first requirement has been met.
{¶ 150} The next required event is commencement, or attempted commencement, of the medical negligence claim against Humphreys in accordance with Civ.R. 3(A). As set forth in the majority opinion, attempted commencement does not have a due diligence component, but, instead, requires only that service consistent with the Civil Rules be attempted within one year of the filing of the complaint. There can be no dispute that Moore attempted to serve Humphreys by certified mail within one year of the complaint being filed.
{¶ 151} The final event necessary for application of the savings statute is the failure of the initial action otherwise than upon the merits after the expiration of the statute of limitations. This requirement, in this case, is the most difficult, because the cause of action against Humphreys was not dismissed in a traditional fashion. However, two Ohio Supreme Court decisions lead to the conclusion that Moore's service request on March 2, 2017 constituted, by operation of law, a dismissal of the cause of action against Humphreys and also the refiling of a new, identical cause of action, with this dismissal being otherwise than on the merits.
{¶ 152} The Ohio Supreme Court, in Goolsby v. Anderson Concrete Corp. , 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), ruled that when service of process has not been accomplished within one year and the dismissal of the action and the refiling of an identical action would allow another year for service to be accomplished, a new request for service will be treated as a refiling of the complaint. Though not explicitly stated, a refiling requires a dismissal. Therefore, Goolsby's request for service acted as both a dismissal and refiling of the cause of action. Further, and again not explicitly stated, the dismissal, since a refiling was allowed, had to be otherwise than upon the merits.
{¶ 153} The Ohio Supreme Court, in Sisk & Assoc., Inc. v. Commt. to Elect Timothy Grendell , 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271, explicitly stated that, when a plaintiff files instructions for service after the Civ.R. 3(A) one year period, this, by operation of law, is a notice of dismissal of the claim. Id. at syllabus. The Supreme Court further ruled that since the plaintiff had previously voluntarily dismissed the complaint, the second dismissal, under Civ.R. 41(A)(1)(a), was an adjudication on the merits forcing dismissal of the action. Therefore, if there had not been a first dismissal, the dismissal by operation of law, presumably, being treated as a voluntary dismissal under Civ.R. 41(A)(1), would have been without prejudice and, thus, a dismissal otherwise than on the merits. The logic of these cases forces the conclusion that Moore's service request on March 2, 2017 acted as a dismissal otherwise than on the merits and also the refiling of an identical cause of action against Humphreys.
{¶ 154} Moore has met the requirement to allow use of the savings statute. And, since Humphreys was served shortly after the dismissal, the savings statute acts to allow Moore's medical negligence cause of action against Humphreys to continue.
(Hon. Jeffrey M. Welbaum, Hon. Mary E. Donovan, and Hon. Michael L. Tucker, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)