[Cite as *Johnson v. Hisle*, 2018-Ohio-3693.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| ELIJAH JOHNSON, | : | APPEAL NO. C-170717 |
| | | TRIAL NO. 14CV-10749 |
| Plaintiff-Appellee, | : | |
| | | |
| vs. | : | *O P I N I O N.* |
| | | |
| PAULETTE HISLE, | : | |
| | | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:   Reversed, Default Judgment Vacated, and Complaint
                             Dismissed

Date of Judgment Entry on Appeal:  September 14, 2018

*Mark S. Maddox*, for Plaintiff-Appellee,

*Barry Levy* and *Stuart W. Penrose*, for Defendant-Appellant.

**MILLER, Judge.**

{¶1}    Defendant-appellant Paulette Hisle appeals the decision of the Hamilton County Municipal Court denying her motion to vacate the default judgment entered below.  We vacate the judgment and dismiss the action because plaintiff-appellee Elijah Johnson's instruction for the clerk to attempt service of a complaint that was filed more than a year prior functioned as a notice of dismissal of his claims.  *Sisk & Assoc., Inc. v. Commt. to Elect Timothy Grendell*, 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271.  Accordingly, all court actions after the effective dismissal were void.

### Procedural Posture and Facts

{¶2}    Johnson filed a complaint for negligent entrustment and personal injuries stemming from an automobile accident between Johnson and Jermella Figs.  Johnson alleges vehicle-owner Paulette Hisle negligently entrusted her vehicle to Figs.

{¶3}    In 2012, Johnson initially filed his original complaint against Hisle and Figs.  In 2013, the original suit was dismissed without prejudice for want of prosecution.

{¶4}    In May 2014, Johnson filed an identical complaint in the instant case.  Johnson obtained a default judgment against Hisle in August 2014.  In February 2015, the trial court vacated the default judgment, finding that service was not proper because certified mail service had failed and ordinary mail service was made to the wrong address.  Johnson timely appealed from the order vacating the default judgment, but later voluntarily dismissed his appeal.  *See Johnson v. Hisle*, 1st Dist. Hamilton No. C-150076 (Sept. 10, 2015).

{¶5}    The case lay dormant for four months.  On January 6, 2016, 19 months after the complaint was filed, Johnson filed a praecipe for alias summons, asking the

2

clerk of court to serve the complaint on Hisle via certified mail to the correct address. On January 27, 2016, the summons and complaint were returned unclaimed. The court docket entry on that date indicates that ordinary mail service was then issued to the same address, with an answer and appearance deadline of February 24, 2016. Seemingly, service was completed upon this entry, *see* Civ.R. 4.6(D), but neither party addresses this issue.

{¶6} On February 29, 2016, Johnson filed a notice that Hisle was personally served with the complaint via a private process server on February 6, 2016, and argues that this was the effective date of service. Hisle disputes receiving personal service, claiming that she was not home at the time.

{¶7} In March 2016, Johnson moved for a default judgment against Hisle, which was granted in June 2016. Hisle timely moved to vacate the default judgment. Hisle initially appealed from the trial court's order granting a default judgment in the appeal numbered C-160587. However, her appeal was ultimately dismissed under App.R. 18(C) for failing to file an appellate brief within the time allowed.

{¶8} In December 2017, the trial court denied Hisle's motion to vacate the default judgment against her. Hisle now appeals.

### Standard of Review

{¶9} We review the denial of a motion to vacate under an abuse-of-discretion standard. *Hoffman v. Hoffman*, 1st Dist. Hamilton No. C-170640, 2018-Ohio-3029. However, a trial court's determination of whether it has personal jurisdiction over a defendant is a question of law that we review de novo. (Internal citations omitted.) *CommuniCare Health Servs., Inc. v. Murvine*, 9th Dist. Summit No. 23557, 2007-Ohio-4651, ¶ 13.

3

## Analysis

{¶10} In her sole assignment of error, Hisle contends that the trial court erred in denying her motion to vacate the default judgment against her for lack of personal jurisdiction. Hisle claims that she was not served with the complaint in accordance with Civ.R. 4.1(B), the trial court lacked jurisdiction to enter a default judgment where service of process had failed, and the trial court should have held an evidentiary hearing before rejecting her contention that personal service had failed. Johnson argues that our dismissal of Hisle's 2016 appeal on procedural grounds is res judicata, barring any argument that Hisle would have raised, or, in the alternative, that service was perfected upon Hisle via personal service.

{¶11} Before examining the arguments of the parties, we note that it is patent that the court below lacked jurisdiction to enter the default judgment. "[O]nce a plaintiff voluntarily dismisses all claims against a defendant, the court is divested of jurisdiction over those claims." *State ex rel. Fifth Third Mtge. Co. v. Russo*, 129 Ohio St.3d 250, 2011-Ohio-3177, 951 N.E.2d 414, ¶ 17. "A jurisdictional defect cannot be waived." (Internal citation omitted.) *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75, 701 N.E.2d 1002 (1998). "If a court acts without jurisdiction, then any proclamation by that court is void." *Id.*, citing *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988); *see Maryhew v. Yova*, 11 Ohio St.3d 154, 156-159, 464 N.E.2d 538 (1984).

### Failure of Commencement Pursuant to Civ.R. 3(A)

{¶12} Johnson failed to commence his civil action against Hisle within the one-year period prescribed by Civ.R. 3(A). If a plaintiff fails to obtain service of process within one year, then a court may dismiss the action. *Maryhew* at 157; *see Apostolouski v. Sharp*, 10th Dist. Franklin No. 04AP-1105, 2005-Ohio-2559, ¶ 26.

4

"A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). "A principal purpose of Civ.R. 3(A) is 'to promote the prompt and orderly resolution of litigation, as well as eliminating the unnecessary clogging of court dockets caused by undue delay.' " *Sisk & Assoc., Inc.*, 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271, at ¶ 5, quoting *Saunders v. Choi*, 12 Ohio St.3d 247, 250, 466 N.E.2d 889 (1984); *see Fetterolf v. Hoffmann-LaRoche, Inc.*, 104 Ohio App.3d 272, 277, 661 N.E.2d 811 (11th Dist.1995) (construing *Saunders* and holding that no extension of time to perfect service can be granted after the one-year limitations period for the commencement of an action has run).

{¶13} Controlling, in this case, "an instruction to the clerk of courts to attempt service outside the one-year period in Civ.R. 3(A) is 'equivalent to a refiling of the complaint.' " *Sisk & Assoc., Inc.* at ¶ 8, quoting *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), paragraph one of the syllabus. "The attempt to serve the second complaint more than one year after it was filed is equivalent, then, to a refiling of the complaint, which necessarily implies that the second complaint had been dismissed by notice * * *." *Id.* Thus, when a plaintiff files an instruction for a clerk of court to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice of dismissal of the claims. *Id.* at ¶ 9. "The notice of voluntary dismissal is self-executing and completely terminates the possibility of further action on the merits of the case upon its mere filing, without the necessity of court intervention." (Internal citations omitted.) *State ex rel. Fifth Third* at ¶ 17.

{¶14} Here, Johnson filed a praecipe for alias summons on January 6, 2016, asking the clerk of court to serve the complaint filed on May 15, 2014. This

instruction for service more than one year after the filing of the complaint operated as a notice of dismissal of Johnson's claims. The case ended at that point based on the plaintiff's failure to commence it, and the court lacked jurisdiction to grant the default judgment against Hisle. *See Page v. Riley*, 85 Ohio St.3d 621, 623, 710 N.E.2d 690 (1999) ("When a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed * * *."); *State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995) (any judgment entered post dismissal is a nullity). The trial court's judgment entered on Johnson's claim is therefore void.

{¶15} Finally, Johnson argues that because Hisle's appeal in the case numbered C-160587 was dismissed pursuant to App.R. 18(C), we must overrule her sole assignment of error here under the law-of-the-case doctrine. A dismissal under App.R. 18(C) is not an affirmance of the lower court's judgment, *see, e.g., Fed. Ins. Co. v. Fredericks*, 2015-Ohio-694, 29 N.E.3d 313, ¶ 79 (2d Dist.), nor does it vest the trial court with jurisdiction over a case that was terminated.

### Conclusion

{¶16} In conclusion, we sustain the sole assignment of error, reverse the trial court's judgment denying Hisle's motion to vacate the default judgment, vacate the trial court's entry of a default judgment, and hereby dismiss Johnson's complaint with prejudice.

Judgment accordingly.

**MOCK, P.J.,** and **CUNNINGHAM, J.,** concur.
Please note:
    The court has recorded its own entry on the date of the release of this opinion.