[Cite as *Roscoe v. DelFraino*, 2019-Ohio-5253.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

DAWN ROSCOE ET AL.,

Plaintiffs-Appellants,

v.

MARK DELFRAINO ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 19 MA 0038

---

Civil Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2016 CV 689

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. James Lanzo*, 4126 Youngstown-Poland Road, Youngstown, Ohio 44514, for Plaintiffs-Appellants, and

*Atty. Kimberly Wyss, Atty. Brian Coulter*, Day Ketterer Ltd., 200 Market Avenue North, Suite 300, Canton, Ohio 44702, for Defendants-Appellees.

Dated:
December 10, 2019

_____

**DONOFRIO, J.**

{¶1}     Plaintiff-appellant, Dawn Roscoe, appeals the judgment of the Mahoning County Common Pleas Court granting summary judgment in favor of defendant-appellee, Mark DelFraino.

{¶2}     This action stems from a car accident that happened on August 15, 2012 in Poland, Ohio.  Appellant was injured in this car accident.  On August 6, 2014, appellant filed a complaint asserting a negligence claim against appellee and appellee's father, Joseph DelFraino, and a negligent entrustment claim against Joseph.  On July 9, 2015, appellant voluntarily dismissed her complaint.

{¶3}     On March 3, 2016, appellant refiled a complaint against appellee and Joseph asserting the same claims as in the previous action.  Appellant's complaint listed the service address for appellee as 510 Boardman-Canfield Road in Boardman, Ohio and the service address for Joseph at 4592 Kennedy Road in Lowellville, Ohio.  Service was perfected on Joseph on March 12, 2016.  But service was not perfected on appellee.  On April 8, 2016, Joseph filed an answer.

{¶4}     On May 4, 2016, appellant filed a request to have appellee personally served at 510 Boardman-Canfield Road.  But service was not perfected on appellee by this method.

{¶5}     On August 8, 2016, Joseph filed a motion for summary judgment.

{¶6}     At some point in August of 2016, appellant attempted to serve appellee at Joseph's Kennedy Road address.  The docket does not reflect a request to serve process on appellee at the Kennedy Road address.  But the docket contains an entry dated August 24, 2016 which states "SUMMONS RETURNED AND FILE SERVED MARK DELFRAINO 8-15-16."

{¶7}     On September 19, 2016, Joseph filed a notice of failure and refusal to accept service on appellee's behalf.  Joseph stated that a process server attempted to hand him a summons and complaint addressed to appellee on August 15, 2016.  Joseph

also stated that appellee did not live with him nor did appellee use Kennedy Road as his address.

**{¶8}** On October 19, 2016, appellant filed a request to serve appellee by U.S. certified mail at 2609 Roanoke Avenue in Newport News, Virginia. On November 17, 2016, appellant filed another request to serve appellee at the same Virginia address by personal service. Neither method of service was successful.

**{¶9}** On November 21, 2016, the trial court granted Joseph's motion for summary judgment.

**{¶10}** On either March 1, 2017 or March 20, 2017, appellant filed a motion to serve appellee by publication and an affidavit for constructive service against appellee. The trial court granted this motion on March 21, 2017 and ordered the service by publication to appear in The Daily Legal News.

**{¶11}** On June 19, 2017, appellee appeared in the action by filing a motion for summary judgment. Appellee argued that, pursuant to R.C. 2305.17 and Civ.R. 3(A), appellant was required to perfect service before March 3, 2017. Because appellant had not perfected service before March 3, 2017, appellee argued that the trial court lacked jurisdiction over appellant's claims.

**{¶12}** On August 7, 2017, appellant filed a response to appellee's motion for summary judgment. Appellant's response made three arguments. First, she argued that appellee was properly served at the Boardman-Canfield Road address in the previous action. Second, she argued that appellee's certificate of registration from the Mahoning County Board of Elections listed his address as Joseph's Kennedy Road address and service was timely sent to that address. Third, she argued that residence service on appellee was completed when the process server personally delivered service to Joseph at the Kennedy Road address.

**{¶13}** In support of the third argument, appellant attached the affidavit of the process server, Patrick Bundy. Bundy's affidavit averred that he attempted to personally serve appellee at the Boardman-Canfield Road address. After the attempt to personally serve appellee failed, Bundy delivered appellee's service to Joseph at the Kennedy Road address and Joseph stated that he would deliver the service to appellee.

Case No. 19 MA 0038

**{¶14}** On September 27, 2017, appellee filed a supplemental memorandum in support of his motion for summary judgment. Appellee argued that he lived out of state and had not lived at the Kennedy Road address for over two years. He argued that residential service did not apply because the Kennedy Road address was not his usual place of residence. Finally, he argued that his voter registration was out of date and the registration could not provide a sufficient basis to support the argument that he was properly served. Attached to this supplemental memorandum was an affidavit from Joseph. Joseph's affidavit averred that he was approached by a process server seeking to serve appellee. But Joseph refused to accept service and told the process server that appellee did not reside with him.

**{¶15}** On the same day, appellant filed a supplemental response to the motion for summary judgment. This response argued that, because appellee's Ohio voter registration listed his address as the Kennedy Road address, the voter registration was sufficient to qualify Kennedy Road as appellee's usual place of residence.

**{¶16}** On October 17, 2017, the trial court granted appellee's motion for summary judgment. The trial court held that there was no genuine issue of material fact that appellant failed to perfect service on appellee within one year of filing her complaint and, therefore, the trial court lacked jurisdiction over appellant's claims.

**{¶17}** Appellant was never served with a copy of the trial court's judgment entry, which is evidenced by the court's docket. Therefore, she did not file her notice of appeal until March 26, 2019. Appellant now raises two assignments of error.

**{¶18}** Appellant's first assignment of error states:

> THE TRIAL COURT ERRED IN FAILING TO FIND VALID RESIDENTIAL SERVICE AT THE VOTING ADDRESS OF THE DEFENDANT HEREIN.

**{¶19}** Appellant argues that the trial court's summary judgment ruling in appellee's favor was error. Appellant contends she completed residential service pursuant to Civ.R. 4.1(C) on appellee when appellee was served at the Kennedy Road address, which is appellee's address according to a certificate of registration from the Mahoning County Board of Elections.

Case No. 19 MA 0038

{¶20} An appellate court reviews a trial court's summary judgment decision de novo, applying the same standard used by the trial court. *Ohio Govt. Risk Mgt. Plan v. Harrison*, 115 Ohio St.3d 241, 2007-Ohio-4948, 874 N.E.2d 1155, ¶ 5. A motion for summary judgment is properly granted if the court, upon viewing the evidence in a light most favorable to the nonmoving party, determines that: (1) there are no genuine issues as to any material facts; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence is such that reasonable minds can come to but one conclusion and that conclusion is adverse to the opposing party. Civ.R. 56(C); *Byrd v. Smith*, 110 Ohio St. 3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

{¶21} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). The trial court's decision must be based upon "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." Civ.R. 56(C). The nonmoving party has the reciprocal burden of specificity and cannot rest on the mere allegations or denials in the pleadings. *Id.* at 293.

{¶22} Summary judgment is appropriate when there is no genuine issue as to any material fact. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.,* 104 Ohio App.3d, 598, 603, 662 N.E.2d 1088 (8th Dist.1995), citing *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

{¶23} Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981) quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).

{¶24} Pursuant to Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named

defendant[.]" As appellant refiled this action on March 3, 2016, she had to perfect service on appellee by March 3, 2017.

**{¶25}** Service of process must comply with Civ.R. 4.1 through 4.6. The plaintiff bears the burden of achieving proper service on the defendant. *Draghin v. Issa*, 8th Dist. Cuyahoga No. 98890, 2013-Ohio-1898, ¶ 21. There is a rebuttable presumption of proper service when the civil rules governing service are followed. *Id.* at ¶ 10.

**{¶26}** Service in this case had to occur by March 3, 2017. The service in question occurred in August of 2016. Appellant argues that this service was proper residence service. Residence service is governed by Civ.R. 4.1(C). The rule states, in relevant part:

> When the plaintiff files a written request with the clerk for residence service, service of process shall be made by that method. * * * process may be delivered by the clerk to any person not less than eighteen years of age, who is not a party and who has been designated by order of the court to make residence service of process under this division. The person serving process shall effect service by leaving a copy of the process and the complaint, or other document to be served, at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein. When the copy of the process has been served, the person serving process shall endorse that fact on the process and return it to the clerk, who shall make the appropriate entry on the appearance docket.

**{¶27}** In support of proper service, appellant submitted: appellee's certificate of registration from the Mahoning County Board of Elections and the affidavit of Patrick Bundy. The certificate's registration date is September 3, 2004. It lists appellee's residence as 4592 Kennedy Road in Lowellville, Ohio and indicates appellant voted in Ohio in the November 2014 and November 2016 elections.

**{¶28}** Bundy was the process server who attempted to serve appellee. His affidavit avers that he "completed service upon [appellee] by hand delivering service to his father, Joseph DelFraino, at 4592 Kennedy Road, Lowellville, OH 44436 which was

believed to be the residence of Mark DelFraino at the time." (Aff. of Bundy ¶ 4). The service request at issue is not part of the record, although appellant concedes that the request was for personal service of appellee, not residence service of appellee at Kennedy Road. The docket does have an entry dated August 24, 2016, which states "SUMMONS RETURNED & FILED SERVED - - MARK DELFRAINO 8-15-16."

**{¶29}** Based on the certificate of registration, Bundy's affidavit, appellee last voting in November 2016, and the August 24, 2016 docket entry, there was sufficient evidence to create a genuine issue of material fact that appellee was timely served process. With appellant's burden satisfied, the burden shifted to appellee to provide evidence that there was no genuine issue of material fact.

**{¶30}** Appellee raises numerous arguments in response. First, appellee argues that, by operation of law, appellant dismissed this action with prejudice when she filed a motion for service by publication on March 20, 2017. Appellee argues that because appellant voluntarily dismissed the action once before, this motion for service by publication resulted in a second voluntary dismissal.

**{¶31}** In support of this argument, appellee cites *Sisk & Associates, Inc. v. Committee to Elect Timothy Grendell*, 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271. In *Sisk*, the Ohio Supreme Court held:

> [W]hen a plaintiff files an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice dismissal of the claims, and if the plaintiff had previously filed a notice dismissing a complaint making the same claim, the instruction, by operation of law, is a second notice dismissal, resulting in dismissal with prejudice of the claims.

*Id.* at ¶ 9.

**{¶32}** *Sisk* is distinguishable. In *Sisk*, Sisk had not obtained proper service within a year of filing the complaint and then filed a request for service after the one-year time period of Civ.R. 3(A). *Id.* at ¶ 2. In this case, there is a genuine issue of material fact as to whether appellant did obtain proper service on appellee in August of 2016, which is within the one-year time period of Civ.R. 3(A).

**{¶33}** Second, appellee argues that appellant did not comply with the rule governing residence service. Civ.R. 4.1(C) states "[w]hen the plaintiff files a written request with the clerk for residence service, service of process shall be made by that method." Appellee argues that the service request at issue requested personal service on appellee at the Boardman-Canfield Road address, not residence service at the Kennedy Road address.

**{¶34}** Appellant concedes that her August 2016 service request was for personal service. But "[c]ourts have held that a defendant has no valid objection if residence service which is otherwise proper is effected after the plaintiff requests personal service." *In re Alexander-Segar*, 2d Dist. Montgomery No. 22080, 2008-Ohio-1580, ¶ 12 citing *Wuerzey v. Fasy*, 9th Dist. Summit No. C.A. NO. 11622, 1984 WL 3935; *Citibank v. Edelstein*, 10th Dist. Franklin No. 79AP-125, 1979 WL 209393. Thus, even though appellant requested personal service, residence service could still be proper.

**{¶35}** Third, appellee argues that appellant could have timely requested service by publication or service of process upon nonresident owners or operators of motor vehicles pursuant to R.C. 2703.20. But this argument does not negate that there is a genuine issue of material fact as to whether appellant perfected residence service on appellee in August of 2016.

**{¶36}** Based on the above, there is a genuine issue of material fact as to whether appellee was properly served notice of this action. As such, the trial court erred when it granted summary judgment in favor of appellee on this issue.

**{¶37}** Accordingly, appellant's first assignment of error has merit and is sustained.

**{¶38}** Appellant's second assignment of error states:

THE TRIAL COURT ERRED IN FINDING THAT THE SERVICE BY PUBLICATION WAS NOT TIMELY.

**{¶39}** Appellant argues that her motion for service by publication was timely filed and the trial court erred in granting summary judgment in appellee's favor on this issue.

Case No. 19 MA 0038

{¶40}   As this assignment of error also challenges the trial court's award of summary judgment, it is subject to the same de novo standard of review previously set forth in appellant's first assignment of error.

{¶41}   As previously stated, appellant had to perfect service on appellee by March 3, 2017.  Appellant's motion for service by publication has two date stamps: one for March 1, 2017 and the other for March 20, 2017.

{¶42}   Pursuant to Civ.R. 4.4(A)(1), service by publication must be published in a newspaper of general circulation for six successive weeks and is deemed completed on the last date of publication.  Assuming appellant's motion for service by publication was filed on March 1, 2017, service by publication would not have been completed until, at the earliest, April 12, 2017.  As appellant's service by publication was not completed before March 3, 2017, the trial court's award of summary judgment on this issue was proper.

{¶43}   Accordingly, appellant's second of assignment is without merit and is overruled.

{¶44}   For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.


Waite, P. J., concurs.

D'Apolito. J., concurs.

---

For the reasons stated in the Opinion rendered herein, Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. It is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellee.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

**<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**