JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff Mattie Pewitt appeals from a common pleas court order dismissing her claims against both defendants. She argues that the court erred by dismissing her case because she obtained service on both defendants, the defendants submitted themselves to the court's jurisdiction by filing an answer, any delay in obtaining service was attributable to the clerk or the court, the stay ordered by the court tolled the statute of limitations, defendants' motion to dismiss raised disputed factual issues which required an evidentiary hearing, and defendant Croft never moved for dismissal of the claim against him. We find no error in the proceedings below. Therefore, we affirm the trial court's judgment.
 Procedural History {¶ 2} Appellant originally filed this action on January 8, 2002, claiming that she was injured on December 14, 2001 when the vehicle in which she was a passenger was struck by a vehicle operated by defendant-appellee Scottie Roberts. She contended that defendant-appellee David Croft negligently entrusted his vehicle to Roberts, and that Croft and other unnamed defendants were vicariously liable for Roberts's negligence.
 {¶ 3} Appellant sought and obtained a stay of proceedings on the ground that she had filed a petition in bankruptcy. The stay order was entered on June 10, 2002. The docket does not show that either named defendant was served before the stay was imposed.
 {¶ 4} On May 10, 2004, appellant moved the court to return the case to the active docket. The court granted this motion on June 4, 2004. At the same time, the court also appointed a process server. Defendants filed a joint answer on July 1, 2004, denying the essential allegations of the complaint and asserting as affirmative defenses that, e.g., appellant had not commenced this action within the applicable statute of limitations. The following day, defendants filed a motion to dismiss the complaint on the ground that the statute of limitations had expired before this action was commenced. The court granted this motion, ruling as follows:
 {¶ 5} "Defendant Scottie Roberts' motion to dismiss, filed 07/02/2004, is granted. Plaintiff did not properly commence this action within the statute of limitations period. Ohio Civ.R. 3(A) states that a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant. * * * *
 {¶ 6} "* * * *
 {¶ 7} "The court speaks through its docket, and attorneys bear the responsibility of checking the docket to keep themselves informed of the progress in their case. Shirley Johnson v.Meridia Euclid, Cuyahoga App. No. 80072, 2002-Ohio-1402; andKathy Coleman v. Cleveland School District, Cuyahoga App. No. 81811, 2003-Ohio-880. The docket clearly states on January 31, 2002 that the certified mail receipt for defendant Scottie Roberts was returned for failure of service. No mention is made of the certified mail receipt to defendant Croft. Since the docket confirms that a certified mail receipt has been signed or received [sic], plaintiff was on notice that service may not have been completed.
 {¶ 8} "Plaintiff's bankruptcy stay pursuant to 11 U.S.C. 362
does not serve to toll either the time limitations proscribed [sic] in Civ.R. 3(A) nor the applicable statute of limitations pursuant to O.R.C. 2305.10 as a bankruptcy stay is not included in either of the savings provisions embodied within O.R.C.2305.15 and 2305.16."
 Law and Analysis {¶ 9} Although appellant has listed six assignments of error, each of these assignments asserts that the court erred by dismissing the complaint. Therefore, we will address them together.
 {¶ 10} Appellant's arguments that she effected service on the appellees, and that any delay in obtaining service was caused by the clerk or the court, are not relevant to the court's order of dismissal. The court dismissed the case on statute of limitations grounds, so it necessarily presumed that it had personal jurisdiction. Cf. DeFranco v. Shaker Square,158 Ohio App.3d 105, 2004-Ohio-3864, ¶ 15 (court which lacked personal jurisdiction had no power to dismiss on statute of limitations grounds). Therefore, the first and third assignments of error are overruled.
 {¶ 11} Plaintiff was required to commence her causes of action for bodily injury within two years after they arose. R.C.2305.03 and 2305.10. She filed her complaint on January 8, 2002, less than a month after the December 14, 2001 collision which allegedly caused her injuries. The action would have been timely commenced with the filing of this complaint, but only "if service [was] obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A).
 {¶ 12} The one year period for obtaining service under Civ.R. 3(A) cannot be extended. Fetterolf v. Hoffman-LaRoche, Inc.
(1995), 104 Ohio App.3d 272, 277. Appellant did not obtain service on appellees within one year from the filing of the complaint in this case, so it is clear that the action was not "commenced" with the filing of the complaint. Thus, the issue is whether the action was ever commenced within the limitations period prescribed by R.C. 2305.10.
 {¶ 13} The Ohio Supreme Court's decision in Goolsby v.Anderson Concrete Corp. (1991), 61 Ohio St.3d 549, and our decision in Anderson v. Borg-Warner Corp., Cuyahoga App. Nos. 80551 and 80926, 2003-Ohio-1500, are instructive on this point. In Anderson, this court held that when a plaintiff duly files its complaint within the statute of limitations, but fails to obtain service within the one year period required by Civ.R. 3(A), the action is not effectively commenced. The plaintiff did not otherwise commence the action before the applicable statute of limitations expired. "[G]iven the applicable statute of limitations, plaintiffs have failed to commence their action within the statutory period[, and] the trial court's dismissal based on this failure is on the merits * * *." Id. at ¶ 23 (citing LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, syllabus).
 {¶ 14} In Goolsby, the plaintiff filed his action within the limitations period but did not instruct the clerk to attempt service on the defendant for more than a year. The court held the belated instructions to the clerk to attempt service was the equivalent of a refiling of the complaint. These instructions were given within the limitations period for filing a complaint, so the plaintiff in Goolsby had an additional year within which to actually obtain service under Civ.R 3(A).
 {¶ 15} The facts of this case differ from both Goolsby andAnderson. The plaintiffs in Anderson did not attempt to serve the defendants after the one year period expired; the appellant here did. On the other hand, appellant's request for service on appellees in this case was not made until after the two year limitations period expired, while the request for service by the plaintiff in Goolsby was made within the original statute of limitations. When these cases are harmonized, however, we believe that they require us to view the appellant's instructions to the clerk to serve the defendants as the equivalent of a refiling of the complaint (as in Goolsby), but to hold that the refiled complaint was untimely (as in Anderson). Cf. Fetterolf v.Hoffman-LaRoche, Inc. (1995), 104 Ohio App.3d 272, 279.
 {¶ 16} This reasoning demonstrates why appellants' second and fifth assignments of error lack merit. Even if we accept that the action was "commenced" with the filing of an answer by the defendants on July 1, 2004, as appellant argues in her second assignment of error, it was not timely commenced within two years from the date her cause of action arose on December 14, 2001 and was therefore properly dismissed. The alleged disputed factual issues put forward by appellant in the fifth assignment of error were not material to the timeliness issue, so no evidentiary hearing was necessary.
 {¶ 17} In her fourth assignment of error, appellant argues that the stay imposed by the trial court tolled the statute of limitations. We disagree. First, the automatic stay afforded by the bankruptcy code, 11 U.S.C. § 362, only enjoins actions against the debtor, not actions by the debtor. Olick v. Parker Parsley Petroleum Co. (2d Cir. 1998), 145 F.3d 513, 516. Therefore, the existence of the bankruptcy proceeding did not require the trial court to stay these proceedings. Furthermore, while claims belonging to the debtor become property of the bankruptcy estate under the jurisdiction of the bankruptcy court, "nothing in the jurisdiction of the court precludes the trustee or the debtor in possession from taking action to insure that the assets are obtained and included in the estate for distribution by the bankruptcy court." Firsdon v. Mid-American Nat'l Bank Trust Co. (Oct. 11, 1991), Wood App. No. 90WD083. Even if the bankruptcy court did have exclusive jurisdiction over the appellant's claims, she could have sought an order of abandonment so that she could pursue the claim within the statute of limitations. Id. Therefore, we overrule the fourth assignment of error.
 {¶ 18} Finally, appellant argues that the court erred by dismissing the claims against defendant Croft because Croft never filed a motion to dismiss. However, appellant herself demonstrated the grounds for dismissing her claims against Croft in her response to Roberts' motion to dismiss, when she pointed out that Croft had not been served as of July 12, 2004. The complaint asserted claims against Croft for negligent entrustment and vicarious liability. These claims were derivative of the claims against Roberts, and were subject to the same two year statute of limitations as appellant's claim against Roberts. This limitation period plainly expired before Croft was ever served. Therefore, the court did not err by dismissing appellant's claims against Croft even without a motion. Cf. Houk v. Ross (1973), 34 Ohio St.2d 77(summary judgment may be entered against moving party, even absent a motion for judgment against the moving party) and Marshall v. Aaron (1984), 15 Ohio St.3d 48, 50-51
(summary judgment should not be entered for non-moving defendant, even though co-defendant has moved for judgment, where basis for each party's potential liability is different).
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J. and Celebrezze, Jr., J. concur.