[Cite as *Tadross v. Tadross*, 2017-Ohio-930.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 104372

## GEORGE TADROSS

PLAINTIFF-APPELLEE

vs.

## MARYAN TADROSS A.K.A.
## MARYAN IKLADIOUS, ET AL.

DEFENDANT-APPELLANT

## JUDGMENT:
VACATED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-350356

**BEFORE:** Stewart, J., McCormack, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** March 16, 2017

**ATTORNEYS FOR APPELLANT**

Carolyn C. Soeder
Joseph G. Stafford
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, OH 44114


**ATTORNEYS FOR APPELLEE**

Kaitlyn Arthurs
Richard A. Rabb
McCarthy, Lebit, Crystal & Liffman Co., L.P.A.
101 West Prospect Avenue, Suite 1800
Cleveland, OH 44115

MELODY J. STEWART, J.:

{¶1} The court granted plaintiff-appellee George Tadross's complaint for a divorce against defendant-appellant Maryan Tadross. The impetus for George's complaint was that Maryan and the parties' two minor children went to Egypt to visit relatives, but Maryan refused to return to the United States (she remains there to this day and did not appear for trial). The court divided the marital property, named George as the residential parent and legal custodian of the children, and ordered Maryan to pay George's legal fees. In addition to appealing from these rulings, Maryan complains that the court lacked personal jurisdiction over her because she was not properly served with the complaint in Egypt. We agree that Maryan was not properly served with the complaint, so the action failed to commence, rendering the divorce decree void.

{¶2} "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." Civ.R. 3(A). If service of process is not obtained within one year from the date of the filing of the action, the action has not "commenced." *See Saunders v. Choi*, 12 Ohio St.3d 247, 250, 466 N.E.2d 889 (1984). A failure of commencement means that no case comes into existence. *Id.*; *Kossuth v. Bear*, 161 Ohio St. 378, 384, 119 N.E.2d 285 (1954); *Buckeye Union Ins. Co. v. Sheppard*, 8th Dist. Cuyahoga No. 55782, 1989 Ohio App. LEXIS 692, at 2 (Mar. 2, 1989).

{¶3} In the broad sense, "service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Miss. Publishing Corp. v. Murphree*, 326 U.S. 438, 444–445, 66 S.Ct. 242, 90 L.Ed. 185 (1946). To comport with constitutional notice requirements, service of process must be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and to give them an opportunity to appear. *Samson Sales, Inc. v. Honeywell, Inc*., 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981).

{¶4} These notice requirements are codified in Civ.R. 4(A): "Upon the filing of the complaint the clerk shall forthwith issue a summons for service upon each defendant listed in the caption." Civ.R. 4(A). Service within the state can be made by certified mail, evidence by a return receipt signed by "any person" at the address set forth in written instructions furnished to the clerk of the court. *See* Civ.R. 4.1(A)(1)(a).

{¶5} At issue below was whether Maryan, who is in Egypt, was given service of summons. Civ.R. 4.3(A)(8) states that service of process may be made outside of the state upon a person who "is a resident of this state who is absent from this state" when the subject of the complaint arose from the person "[l]iving in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising for spousal support, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in this state[.]"

**{¶6}** When service of process is to be made in a foreign country (assuming that person is amenable to service under Civ.R. 4.3) service must be made consistent with Civ.R. 4.5. Civ.R. 4.5(A) states:

> If the foreign country is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, service shall be pursuant to a method allowed by the Articles of that Convention, including any method allowed by Article 8 or Article 10 to which the foreign country has not objected in accordance with Article 21.

**{¶7}** Egypt is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("convention"), so George was obligated to make service of process consistent with the convention. Article 10(a) of the convention states that it does not interfere with "the freedom to send judicial documents, by postal channels, directly to persons abroad." Nevertheless, signatory states were free to adopt the convention by objection to the provisions of Article 10, and "use diplomatic channels for the same purpose." *Id*.; *Richardson v. Clinical Computing PLC*, 1st Dist. Hamilton No. C-150594, 2016-Ohio-8065, ¶ 14, citing *Bankston v. Toyota Motor Corp*., 889 F.2d 172, 173 (8th Cir.1989). Egypt objected to Article 10 of the convention and requires that service of process be made through a designated central authority. *Balk v. N.Y. Inst. of Tech*., 974 F.Supp.2d 147, 161 (E.D.N.Y.2013).

**{¶8}** Holding that Maryan was not a "foreign defendant" at the time George filed his complaint (she had dual citizenship with the United States and Egypt), the court determined that Maryan was not subject to service consistent with Civ.R. 4.5 and the Hague Convention. This was error. Civ.R. 4.1 makes no reference to the nationality of a particular defendant; it refers to service "in a foreign country." If service is allowed by Civ.R. 4.3 (and there is no question that it was in this case), service of the summons and complaint must be made as provided by Civ.R. 4.5(A) and the Hague Convention. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988) (as a treaty governed by the Supremacy Clause, Article VI of the United States Constitution, the Hague Convention "pre-empts inconsistent methods of service prescribed by state law in all cases to which it applies").

{¶9} As an alternative holding, the court held that if Civ.R. 4.5 applied, Maryan was properly served by a courier service, appointed by the court as a special process server, at her temporary address in Egypt. This, too, was error. Civ.R. 4.1(A)(1)(b) permits service by commercial carrier service, but that rule is inapplicable in this case because Egypt requires service of process to be made only through a central authority. *Shenouda v. Mehanna*, 203 F.R.D. 166, 171 (D.N.J.2001) ("all indications are that Egypt requires compliance with the Convention for service abroad within its territory, meaning that service in Egypt must travel through its Central Authority"). Any method of service not made through the Egyptian central authority is a nullity. *See Estate of Ungar v. Palestinian Auth.*, 412 F.Supp.2d 328, 334 (S.D.N.Y.2006) ("Egypt, along with several other countries, explicitly objected to [Article 10], thus rendering nugatory service of process via postal channels within Egypt.").

{¶10} Finally, and notwithstanding improper service of summons, the court found that Maryan waived any defects in service of process by participating in the action and even acknowledging receipt of summons.

**{¶11}** A defense of insufficiency of service of process is waived unless the defendant raises it in a responsive pleading or motion. *See* Ohio Civ.R. 12(H)(1). Maryan did not waive the affirmative defense of insufficiency of process because she raised the defense in her answer to the complaint. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 19. In addition, she filed a motion to dismiss the complaint based on the court lacking personal jurisdiction over her. And, her active participation in litigating the case had no effect on the affirmative defense: "When the affirmative defense of insufficiency of service of process is properly raised and properly preserved, a party's active participation in the litigation of a case does not constitute waiver of that defense." *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 1, applying *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 466 N.E.2d 567 (1984). The court erred by refusing to dismiss the action. *Maryhew v. Yova*, 11 Ohio St.3d 154, 159, 464 N.E.2d 538 (1984).

**{¶12}** Judgment vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, JUDGE

TIM McCORMACK, P.J., and
EILEEN T. GALLAGHER, J., CONCUR