[Cite as *Tadross v. Tadross*, 2017-Ohio-2754.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104373

---

## GEORGE TADROSS

PLAINTIFF-APPELLEE

vs.

## MARYAN TADROSS, A.K.A. MARYAN IKLADIOUS

DEFENDANT

[Appeal By Fady Ikladious,
Third-Party Defendant-Appellant]

---

## JUDGMENT:
VACATED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-350356

**BEFORE:** E.T. Gallagher, J., McCormack, P.J., and Stewart, J.
**RELEASED AND JOURNALIZED:** May 11, 2017

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Stafford & Stafford Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114

Carolyn C. Soeder
Cordell & Cordell, P.C.
6100 Oaktree Blvd., Suite 200
Seven Hills, Ohio 44131


**ATTORNEYS FOR APPELLEE**

Kaitlyn Arthurs
Richard A. Rabb
McCarthy, Lebit, Crystal & Liffman, Co., L.P.A.
101 West Prospect Avenue, Suite 1800
Cleveland, Ohio 44115

EILEEN T. GALLAGHER, J.:

{¶1} Appellant/third-party defendant, Fady Ikladious ("Ikladious"), appeals a judgment entry of divorce that found he committed financial misconduct in his sister's divorce proceedings, and awarded plaintiff-appellee, George Tadross ("George"), a distributive award. However, we have previously determined the trial court lacked jurisdiction to hear the case due to plaintiff's failure to serve the defendant, Maryan Tadross ("Maryan"), with the summons and complaint. *See Tadross v. Tadross*, 8th Dist. Cuyahoga No. 104372, 2017-Ohio-930.

{¶2} Because George never served Maryan with summons of the complaint, this divorce action was never "commenced." *Id*. at ¶ 2, citing *Saunders v. Choi*, 12 Ohio St.3d 247, 250, 466 N.E.2d 889 (1984); Civ.R. 3(A). Nevertheless, while the case was pending, Ikladious moved to intervene, seeking a judgment dissolving a restraining order. The trial court denied the motion.

{¶3} George later filed a motion to add Ikladious as a defendant to the action and, this time, the trial court granted the motion. Although Ikladious was named as a new party defendant, George never filed a third-party complaint against Ikladious. Apparently, the court treated Ikladious as an intervening party. (*See* trial court's journal entry dated January 30, 2015.) But since the action was never properly commenced as required by Civ.R. 3(A), there was effectively no pending action to which Ikladious could

be joined, and George never served Ikladious with summons and a third-party complaint. Therefore, trial court's judgments are nullities.

**{¶4}** Judgment vacated.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

TIM McCORMACK, P.J., and
MELODY J. STEWART, J., CONCUR