[Cite as *Moore v. Mt. Carmel Health Sys.*, 2018-Ohio-4130.]

## IN THE COURT OF APPEALS OF OHIO
## TENTH APPELLATE DISTRICT
## FRANKLIN COUNTY

MICHAEL MOORE, CONSERVATOR
OF THE PERSON AND ESTATE OF
JUSTIN T. MOORE

      Plaintiff-Appellant

v.

MOUNT CARMEL HEALTH SYSTEM
dba MOUNT CARMEL ST. ANN'S
HOSPITAL, et al.

      Defendants-Appellees

:
:
:
:
:
:
:
:
:
:
:
:
:

Appellate Case No. 2017APE-10-754

Trial Court Case No. 15-CVA-005683

_____

### DECISION AND ENTRY

Rendered on the 11th day of October, 2018.
_____

PER CURIAM:

{¶ 1} This case is before the court on motions to certify a conflict filed by

Defendants-Appellees, Eric Humphries, M.D., Central Ohio Anesthesia, Inc. ("COA"), and

Mount Carmel Health System dba Mount Carmel St. Ann's Hospital ("Mount Carmel") (all

collectively, "Appellees"). Previously, on July 17, 2018, we issued an opinion sustaining

two assignments of error of Plaintiff-Appellant, Michael Moore, Conservator of the Person

and Estate of Justin T. Moore ("Moore). *See Moore v. Mt. Carmel Health Sys.*, 10th Dist.

Franklin No. 2017APE-10-754, 2018-Ohio-2831.

{¶ 2} Specifically, we held that Moore's request for service of the complaint on Dr. Humphreys in March 2017 was, by operation of law, a dismissal and refiling of the complaint and was a failure otherwise than on the merits. As a result, the trial court erred in failing to apply the savings statute in R.C. 2305.19(A). *Id.* at ¶ 2. Based on this finding, we held that the trial court also erred in dismissing Moore's vicarious liability claims against COA and Mount Carmel. *Id.*

## I. Motion to Certify a Conflict

{¶ 3} According to Appellees, our decision conflicts with the following opinions from the Second, Sixth, Eighth, Ninth, and Eleventh Appellate Districts:

   (A) *Kowalski v. Pong*, 2d Dist. Montgomery No. 27577, 2017-Ohio-9310.

   (B) *Hill v. Yeager*, 6th Dist. Wood No. WD-04-010, 2004-Ohio-5663; *Peng v. Fink*, 6th Dist. Lucas No. L-12-1279, 2013-Ohio-3063.

   (C) *Anderson v. Borg-Warner*, 8th Dist. Cuyahoga Nos. 80551, 80926, 2003-Ohio-1500; *Pewitt v. Roberts*, 8th Dist. Cuyahoga No. 85334, 2005-Ohio-4298; *Sheldon v. Burke*, 8th Dist. Cuyahoga No. 103576, 2016-Ohio-941; *Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461 (8th Dist.); *Tadross v. Tadross*, 2017-Ohio-930, 86 N.E.3d 827 (8th Dist.).

   (D) *Bentley v. Miller*, 9th Dist. Summit No. 25039, 2010-Ohio-2735; *Hubiak v. Ohio Family Practice Ctr.*, 2014-Ohio-3116, 15 N.E.3d 1238 (9th Dist.); *Suiter v. Karimiam*, 9th Dist. Summit No. 27496, 2015-Ohio-3330.

(E) *Gibson v. Summers*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995.

**{¶ 4}** Section 3(B)(4), Article IV, of the Ohio Constitution, which governs motions seeking an order to certify a conflict, provides that:

Whenever the judges of a court of appeals find that a judgment upon which they have agreed is in conflict with a judgment pronounced upon the same question by any other court of appeals of the state, the judges shall certify the record of the case to the supreme court for review and final determination.

**{¶ 5}** Under App.R. 25(A), motions to certify a conflict may be filed within ten days after a judgment has been mailed to the parties that creates a conflict with another court of appeals. The Supreme Court of Ohio has said that at least three conditions must be met for certification of a conflict:

First, the certifying court must find that its judgment is in conflict with the judgment of a court of appeals of another district and the asserted conflict must be "upon the same question." Second, the alleged conflict must be on a rule of law – not facts. Third, the journal entry or opinion of the certifying court must clearly set forth that rule of law which the certifying court contends is in conflict with the judgment on the same question by other district courts of appeals.

*Whitelock v. Gilbane Bldg. Co.*, 66 Ohio St.3d 594, 596, 613 N.E.2d 1032 (1993).

**{¶ 6}** Factual distinctions are not sufficient to certify conflicts, nor are conflicts in reasoning. Instead, the judgments of the courts must conflict. *R.T. v. Knobeloch*, 10th

Dist. Franklin No. 16AP-809, 2018-Ohio-2734, ¶ 3.

{¶ 7} The question that Appellees propose for certification is:

Whether an action against a defendant is barred by the statute of limitations and cannot be re-filed when the plaintiff has failed to serve the defendant both before the statute of limitations has run and within one year after filing the complaint?

COA and Humphrey's Motion to Certify a Conflict, p. 2; Mount Carmel Motion to Certify a Conflict, p. 4.

### III.   The *Moore* Decision

{¶ 8} The background of this case can be found in *Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831.   As was noted there, after Justin Moore ("Justin") received medical treatment from certain medical providers in December 2013 and January 2014, he was transferred on an emergency basis to Mount Carmel on January 20, 2014.   Allegedly, at that point, Dr. Humphreys and others failed to properly treat Justin, causing alleged permanent injuries.   *Id.* at ¶ 3.

{¶ 9} Initially, Justin's father, Michael Moore, filed the action pro se, as conservator for Justin and on Justin's behalf, on July 6, 2015; on the same day, Moore requested service of process by certified mail on the defendants, including Dr. Humphreys.   On July 16, 2015, the trial court filed a notice indicating that service on Dr. Humphreys was complete.   *Id.* at ¶ 5.   There was no dispute that both COA and Mount Carmel had been appropriately served.

{¶ 10} The same attorneys represented Dr. Humphreys and COA, and filed an answer on July 30, 2015.   *Id.* at ¶ 7.   Subsequently, on September 1, 2015, an attorney

entered an appearance on Moore's behalf.   *Id.* at ¶ 10.

{¶ 11} Dr. Humphreys participated in the case for more than a year and a half after it was filed, but on February 27, 2017, COA and Dr. Humphreys filed a motion for summary judgment, in which they claimed the action was barred because Moore failed to serve Dr. Humphreys within one year of the filing of the complaint.   *Id.* at ¶ 12.   Mount Carmel also filed a motion, denying liability because Dr. Moore was not a hospital employee and had not been properly served.   *Id.*

{¶ 12} Moore then filed a request on March 2, 2017, seeking personal service on Dr. Humphreys, and on March 9, 2017, also filed other requests for certified mail service on Dr. Humphreys.   Very shortly thereafter, Dr. Humphreys was served by a process server and by certified mail.   *Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831 at ¶ 13.   The trial court then dismissed the case with prejudice on September 26, 2017, concluding that proper service was not made on Dr. Humphreys and that the savings statute in R.C. 2305.19 did not apply.   *Id.* at ¶ 16.

{¶ 13} On appeal, we reversed the trial court's decision.   We concluded that under *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), *Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997), *LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, *Sisk & Assoc., Inc. v. Commt. to Elect Timothy Grendell*, 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271, and lower appellate court cases, that if a party has attempted to commence an action within the one-year time limit of Civ.R. 3(A), " 'an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice dismissal of the claims.' "   *Moore* at ¶ 72, quoting *Sisk* at ¶ 9.   We, therefore,

concluded that the trial court erred in dismissing the complaint and that the request for service on March 2, 2017, should have been treated as a dismissal and refiling, with service being perfected thereafter on Dr. Humphreys.  *Id.* at ¶ 84.

{¶ 14} The points that Appellees make in their motions to certify involve matters that were previously considered and rejected in our opinion.  Appellees' main contention (and the question they want certified) relates to their position that an action is barred and cannot be refiled if the plaintiff fails to serve the defendant both before the statute of limitations has expired and within one year after the complaint is filed.  However, as Moore points out, this is not actually a correct statement of law.

{¶ 15} The Supreme Court of Ohio case law we discussed in our opinion clearly indicates that actions can be refiled after dismissal even if the statute of limitations has expired, and the plaintiff has not obtained service within one year after the complaint was filed.  As we noted in *Moore*, an automobile accident occurred in *Thomas* on December 22, 1989, and the negligence action against the defendant was filed on December 23, 1991.  *Moore,* 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831, at ¶ 37, citing *Thomas v. Freeman*, 9th Dist. Summit No. 17247, 1995 WL 679268, *1 (Nov. 15, 1995), and *Thomas*, 79 Ohio St.3d at 221, 680 N.E.2d 997.

{¶ 16} Service was not made on the defendant, although it was attempted, and the trial court dismissed the case on July 14, 1992.  Nearly one year later, the plaintiff again filed suit, and failed to serve the defendant.  On February 11, 1994, the trial court then dismissed the case a second time for lack of prosecution.  *Moore* at ¶ 37.

{¶ 17} At this point, the statute of limitations had expired more than two years earlier, and service had never been perfected on the defendant.  In July 1994, the

plaintiffs asked the trial court to vacate its February 11, 1994, judgment entry and to reinstate the action. After the plaintiffs obtained service, the trial court granted summary judgment for the defendant, stating that the 1992 dismissal was an adjudication on the merits and that the plaintiffs could not take advantage of the savings statute. *Moore* at ¶ 38, citing *Thomas*, 1995 WL 679268, at *1. The court of appeals agreed. *Id.*

{¶ 18} On further appeal, the Supreme Court of Ohio held that even though the plaintiff had not obtained service on the defendant, the initial dismissal was otherwise than on the merits and the plaintiff could use the savings statute to refile. *Thomas*, 79 Ohio St.3d at 226-227, 680 N.E.2d 997. The court stressed that since the plaintiff "filed her initial complaint *and demanded service before the two-year statute of limitations expired*, and since the statute of limitations had subsequently expired, [she] had one year from July 14, 1992 to refile her complaint, which she did on July 8, 1993, approximately six days prior to the expiration of the savings statute allowance. (Emphasis added) *Id.* at 227, citing *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801. The court did not require both that the complaint be filed within the limitations period and that service be perfected within one year after the complaint was filed in order for the savings statute to apply. Thus, the question that Appellees want to certify is simply legally incorrect.

{¶ 19} With this in mind, we will consider the cases that Appellees have cited.

### III.   Discussion

#### A.   Second District Court of Appeals

{¶ 20} *Kowalski,* 2d Dist. Montgomery No. 27577, 2017-Ohio-9310, is a case that we discussed in our opinion. *See Moore*, 10th Dist. Franklin No. 2017APE-10-754,

2018-Ohio-2831, at ¶ 85-92. The facts in *Kowalski* were quite different, as the plaintiffs filed a few days before the statute of limitations expired, but named the wrong party. Specifically, they named the car's owner, who was not involved in the accident. Instead, the car had been driven by another individual named Hernandez. *Kowalski* at ¶ 2. After the statute of limitations expired, the trial court allowed the plaintiff to amend the complaint under Civ.R. 15(C) and add the driver as the sole defendant. *Id.* at ¶ 3. The trial court noted that the time for commencing the action against the driver ran for several more weeks, until December 9, 2016 (one year after the complaint had been filed). *Id.* As we noted in our opinion in *Moore*, however, " '[u]nder Civ.R. 15(C), an amendment relates back to the date of the original pleading if the parties are not changed.' " *Moore* at ¶ 91, quoting *Amerine v. Haughton Elevator Co., Div. of Reliance Elec. Co.*, 42 Ohio St.3d 57, 59, 537 N.E.2d 208 (1989).

{¶ 21} Ultimately, the trial court dismissed the case because the driver had not been served within the one-year service period under Civ.R. 3(A). *Kowalski* at ¶ 5. As relevant here, the Second District considered whether filing the amended complaint reset the time for service, and concluded that it did not. As was noted in *Moore*, the court of appeals "rejected the application of *Goolsby*, stating that the difference was that in *Goolsby*, the plaintiff could have dismissed the claims in the original complaint 'and refiled the same claims in an amended complaint because the statute of limitations for the claims had not yet expired.' " *Moore* at ¶ 88, quoting *Kowalski* at ¶ 12.

{¶ 22} This statement is a correct recitation of the holding in *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801. However, as was noted in our opinion:

It is true that *Goolsby* involved a request for service within the

limitations period. However, the fact is that service was made after the one-year service limitation in Civ.R. 3(A) had expired. In addition, *Goolsby* was issued in 1991, well before the court's 1997 decision in *Thomas*, 79 Ohio St.3d 221, 680 N.E.2d 997. It was also decided prior to the lower court decisions concluding that an attempt to commence, rather than actual commencement of an action is sufficient to invoke the savings statute. Thus, under current authority, including *Thomas*, the plaintiff in *Goolsby* could have refiled even if she failed to "commence" her action under Civ.R. 3(A), and even if the statute of limitations had expired before the action failed otherwise than on the merits. As a result, the Supreme Court of Ohio did not need to fashion the remedy of construing a request for service as a refiling. The court also did not consider the issue of "attempted commencement" in *Goolsby*.

*Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831, at ¶ 55.

{¶ 23} *Kowalski* did not consider these points, not did it consider the application of the savings statute. As a result, we would not be comfortable relying on *Kowalski* to certify a conflict, since it involved different facts and different issues.

### B. Sixth District Court of Appeals

{¶ 24} As was noted, Appellees also rely on two opinions from the Sixth District Court of Appeals: *Hill*, 6th Dist. Wood No. WD-04-010, 2004-Ohio-5663, and *Peng*, 6th Dist. Lucas No. L-12-1279, 2013-Ohio-3063.

{¶ 25} In *Hill*, the plaintiff filed her complaint one day before the statute of

limitations expired. She attempted immediately to serve the defendant, but service was refused. *Id.* at ¶ 4. After the one-year service period expired, the plaintiff filed an amended complaint, obtained service a few months later, and then obtained a default judgment. *Id.* at ¶ 6. On appeal, the court reversed, concluding that the action had "commenced" after the statute of limitations expired because the plaintiff served the defendant 14 months after filing the complaint. *Id.* at ¶ 10.

{¶ 26} The court rejected the plaintiff's argument that her amended complaint served to extend the one-year time for service under *Goolsby*. The court concluded that *Goolsby* did not provide relief because the plaintiff "failed to perfect service or effectively extend the time for service by voluntarily dismissing and refiling the action or filing an amended complaint, within one year of the filing of her complaint." *Id.* at ¶ 12. Subsequently, the Sixth District Court of Appeals distinguished *Hill* because it "dealt only with commencement of an action and never touched on an attempted commencement." *Marshall v. J & J's E. of the River Properties, L.L.C.,* 6th Dist. Lucas No. L-08-1101, 2008-Ohio-5635, ¶ 17. Since *Hill* did not discuss attempted commencement (which is the situation in the case before us), it does not provide a basis for certifying a conflict.

{¶ 27} In *Peng*, the plaintiffs filed a legal malpractice action on December 17, 2007, and then voluntarily dismissed it on December 11, 2009, without prejudice. *Peng*, 6th Dist. Lucas No. L-12-1279, 2013-Ohio-3063, at ¶ 2. The action was refiled on December 10, 2010, but service was not completed until December 14, 2011, more than one year later. After the action was dismissed, the court of appeals rejected the plaintiffs' reliance on *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, because the refiling was not within the original statute of limitations. The court further found *Sisk*, 123 Ohio St.3d 447, 2009–

Ohio-5591, 917 N.E.2d 271, distinguishable because the refiling in that case was not made pursuant to R.C. 2305.19. *Id.* at ¶ 16. Finally, the court observed that under *Hill*, "perfecting service outside of the applicable statute of limitations is fatal to an action." Id. at ¶ 17.

**{¶ 28}** *Peng* involves different circumstances than the case before us. In that case, the plaintiffs dismissed their case without prejudice and then used the savings statute in R.C. 2305.19 to allow the refiling of their complaint within one year. They then failed to serve the defendant within one year as required by Civ.R. 3(A), and their case was dismissed. Under *Goolsby* and *Sisk*, the plaintiffs could not have preserved their action by filing a request for service after the one-year period of time in the second action had elapsed. Under *Sisk*, the second dismissal would have been with prejudice, precluding refiling, *See Sisk* at ¶ 9 ("when a plaintiff files an instruction for a clerk to attempt service of a complaint that was filed more than a year prior, the instruction, by operation of law, is a notice dismissal of the claims, and if the plaintiff had previously filed a notice dismissing a complaint making the same claim, the instruction, by operation of law, is a second notice dismissal, resulting in dismissal with prejudice of the claims"). We noted this point in *Moore*. *See Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831, at ¶ 70.

**{¶ 29}** Based on the preceding discussion, there is no basis under *Peng* to justify certifying a conflict, as it involved different facts and a dissimilar judgment. Accordingly, the cited Sixth District cases do not require us to certify a conflict.

C.  Eight District Court of Appeals

{¶ 30} As noted, the opinions from the Eighth District Court of Appeals are: *Anderson*, 8th Dist. Cuyahoga Nos. 80551, 80926, 2003-Ohio-1500, *Pewitt*, 8th Dist. Cuyahoga No. 85334, 2005-Ohio-4298, *Sheldon*, 8th Dist. Cuyahoga No. 103576, 2016-Ohio-941, *Khatib*, 2017-Ohio-95, 77 N.E.3d 461 (8th Dist.), and *Tadross*, 2017-Ohio-930, 86 N.E.3d 827 (8th Dist.).

### 1. *Anderson*

{¶ 31} *Anderson* involved cases brought between 1994 and 1996, and one in 1998. In these cases, the plaintiffs made an attempt at service that failed, and made no further attempts. *Anderson* at ¶ 3. In 2001, the defendant moved to dismiss the cases based on the failure to obtain service within one year. One set of cases was dismissed with prejudice and the other set of cases was dismissed without prejudice. *Id.* at ¶ 4-5.

{¶ 32} The court of appeals concluded that the cases should have been dismissed with prejudice, based on its interpretation of Civ.R. 3(A) and R.C. 2305.19 as requiring that service must be perfected within one year before refiling will be permitted under the savings statute. *Id.* at ¶ 11-23. The court also distinguished the decision of the Supreme Court of Ohio in *Thomas*, 79 Ohio St.3d 221, 680 N.E.2d 997, because that case involved dismissal for failure to obtain service within six months under Civ.R. 4(E) (which the Supreme Court held was a failure otherwise than on the merits), and failure to "commence" under Civ.R. 3(A) (which *Anderson* concluded required dismissal with prejudice). *Id.* at ¶ 24-27.

{¶ 33} We noted in *Moore* that *Anderson* had "been rejected by other districts and even by the Eighth District Court of Appeals. *Moore*, 10th Dist. Franklin No. 2017APE-

10-754, 2018-Ohio-2831, at ¶ 93, citing *Amos v. McDonald's Restaurant*, 4th Dist. Hocking No. 04CA3, 2004-Ohio-5762, ¶ 11. The cases cited in *Amos* include these decisions of the Eighth District Court of Appeals: *Stone v. Adamini,* 8th Dist. Cuyahoga No. 83159, 2004-Ohio-4466, and *Abel v. Safety First Indus., Inc.*, 8th Dist. Cuyahoga No. 80550, 2002-Ohio-6482.

**{¶ 34}** *Stone* was issued after *Anderson*. In that case, the court of appeals held that a plaintiff could avail himself of the savings statute in R.C. 2305.19 where he had attempted service in the first action, but had failed, and then refiled after the statute of limitations expired. The court noted that "although courts had previously held that a case was considered 'attempted to be commenced' only if service was actually obtained, the law now clearly state[s] that '[t]he applicability of R.C. 2905.19 is not limited only to circumstances where effective service of process has been obtained. By its express language, the savings statute also applies where there has been an attempt to commence an action.' " *Stone* at ¶ 19, quoting *Abel* at ¶ 40-42.

**{¶ 35}** In view of the fact that *Abel* was decided in 2002, before *Anderson*, the Eighth District Court of Appeals should have considered and resolved any conflict when it issued its decision in *Anderson*. The court also had an opportunity to resolve any conflicts when the decision in *Stone* was issued. However, the court failed to do so.

2. *Sheldon v. Burke*

**{¶ 36}** In *Sheldon*, an accident occurred on July 8, 2011, and the complaint was filed on May 29, 2013. *Sheldon,* 8th Dist. Cuyahoga No. 103576, 2016-Ohio-941, at ¶ 4. The trial court dismissed the case after the plaintiffs failed to obtain service within a year,

and also denied the plaintiffs' motion for relief from judgment. *Id.* at ¶ 5. After they refiled the complaint on September 8, 2014, and obtained service, the trial court again dismissed the complaint. *Id.* at ¶ 5 and 11.

{¶ 37} On appeal, the plaintiffs argued that their re-filed complaint was timely filed due to the savings statute. Following *Anderson*, the court of appeals held that in order for R.C. 2305.19(A) to apply, the original action must have been "commenced" within the applicable statute of limitations. *Id.* at ¶ 12. Again, this decision conflicts with other prior decisions of the Eighth District Court of Appeals, but the court did not address conflicts.

### 3. *Pewitt*

{¶ 38} *Pewitt* was issued in 2005, after the decisions in *Anderson* and *Stone*. In *Pewitt*, the plaintiff was injured on December 14, 2001, and would have had two years to file a negligence action. She filed an action on January 8, 2002, and did attempt service in January 2002, but it was not successful. *Pewitt*, 8th Dist. Cuyahoga No. 85334, 2005-Ohio-4298, at ¶ 1, 4 and 7. In June 2002, the action was stayed at plaintiff's request, due to her bankruptcy, and the stay lasted until June 2004. *Id.* at ¶ 3-4.

{¶ 39} After the case was reactivated, a process server was appointed to serve the defendants. After filing a joint answer, the defendants moved to dismiss the case, alleging that the statute of limitations had expired before the action was "commenced." *Id.* at ¶ 4. The trial court agreed, and dismissed the action. *Id.* at ¶ 4-5.

{¶ 40} The court of appeals distinguished both *Goolsby* and *Anderson,* and after attempting to harmonize these cases, concluded that it was required to view the plaintiff's instructions to serve the defendants in 2004 as a "refiling of the complaint as in *Goolsby*."

*Id*. at ¶ 15. However, the court also held that "the refiled complaint was untimely (under *Anderson*)." The court reasoned that "[e]ven if we accept that the action was 'commenced' with the filing of an answer by the defendants on July 1, 2004, as appellant argues in her second assignment of error, it was not timely commenced within two years from the date her cause of action arose on December 14, 2001 and was therefore properly dismissed." *Id*. at ¶ 16.

{¶ 41} The court of appeals did not mention the savings statute, and its reasoning, frankly, is hard to understand. If the plaintiff's actions constituted a dismissal and refiling in 2004 (as the court suggested), she would have been able to use the savings statute because she had attempted to commence her original action within the period outlined in Civ.R. 3(A). In that situation, she would have had an additional year to perfect service on the defendants. Again, the Eighth District Court of Appeals made no attempt to resolve inconsistencies in its decisions.


4. *Khatib*

{¶ 42} In *Khatib*, 2017-Ohio-95, 77 N.E.3d 461, the plaintiffs were involved in an accident in 2011, and filed suit in February 2013. *Id*. at ¶ 2. After they unsuccessfully attempted to serve the defendant, the trial court dismissed the case in August 2013 for lack of prosecution. They then refiled the complaint in March 2014 and eventually filed an affidavit for service by publication in June 2014. *Id*. at ¶ 2-3 and 5. The newspaper filed proof of publication in August 2014, and in September 2014, the plaintiffs filed a notice of publication with the trial court. *Id*. at ¶ 7.

{¶ 43} After granting a default judgment for plaintiffs, the trial court subsequently

concluded that service by publication was not proper because the defendant had not concealed her whereabouts. The court, therefore, vacated the default judgment and dismissed the case. *Id.* at ¶ 10-21. On appeal, the court of appeals rejected the plaintiff's argument that the trial court had erred in finding that the defendant was credible. The court of appeals, therefore, concluded that the default judgment had been properly vacated. *Id.* at ¶ 28-30.

{¶ 44} The second finding of the court of appeals was that the trial court had correctly dismissed the action with prejudice because the plaintiffs failed to serve the defendant within one year after they refiled the action in 2014. First, the court cited *Anderson* for its ruling that failure to obtain service within Civ.R. 3(A) means that "the action is not effectively commenced." *Id.* at ¶ 33, citing *Anderson.* 8th Dist. Cuyahoga Nos. 80551 and 80926, 2003-Ohio-1500, at ¶ 23.

{¶ 45} Then, citing *Goolsby* and *Pewitt*, the court commented that even if the plaintiffs had requested service after the trial court's ruling (setting aside the default judgment and finding service by publication improper), any instructions for service would be the equivalent of refiling the complaint. *Id.* at ¶ 34, citing *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, and *Pewitt*, 8th Dist. Cuyahoga No. 85334, 2005-Ohio-4298, at ¶ 15. This latter discussion by the court of appeals was unnecessary, because any refiling of the complaint at that point would have been in vain since the action had already been dismissed once without prejudice. *See Sisk*, 123 Ohio St.3d 447, 2009–Ohio-5591, 917 N.E.2d 271, at ¶ 9. Again, the Eighth District Court of Appeals did not attempt to reconcile any of its prior decisions.

### 5. *Tadross*

**{¶ 46}** As a final matter, *Tadross*, 2017-Ohio-930, 86 N.E.3d 827, has no bearing on this action, as it involved a failure of service in a divorce action on a party who lived in Egypt. The court made no findings with respect to R.C. 2305.19 or anything else pertinent. As a result, that case would not justify certification of a conflict.

### D. Ninth District Court of Appeals

**{¶ 47}** The cited opinions of the Ninth District Court of Appeals are as follows: *Bentley*, 9th Dist. Summit No. 25039, 2010-Ohio-2735, *Hubiak*, 2014-Ohio-3116, 15 N.E.3d 1238 (9th Dist.), and *Suiter*, 9th Dist. Summit No. 27496, 2015-Ohio-3330.

### 1. *Bentley*

**{¶ 48}** In *Bentley*, a motor vehicle collision occurred on April 10, 2005, and the plaintiff brought an action against the defendant on April 9, 2007. *Bentley*, 9th Dist. Summit No. 25039, 2010-Ohio-2735, at ¶ 2. The plaintiff attempted to serve the defendant but failed, and rather than attempt service by publication, filed an amended complaint on April 23, 2008, after the one-year service time had expired. The amended complaint contained the same content as the initial complaint, but added the defendant's name in care of an insurer. *Id.* at ¶ 2-3. Service failed on the defendant at her residence address, but the insurer accepted service. The plaintiff then obtained a default judgment against the defendant. *Id.* at ¶ 4.

**{¶ 49}** In January 2009, the defendant moved to vacate the default judgment, contending that she had never received service and had not authorized the insurer to act

as her agent. *Id.* at ¶ 5. The plaintiff then served the defendant with a copy of the amended complaint in April 2009.[1] *Id.* Ultimately, however, the trial court vacated the default judgment and dismissed the case in September 2009, based on the plaintiff's failure to obtain service within one year after filing the complaint. *Id.* at ¶ 6.

**{¶ 50}** On appeal, the Ninth District concluded that the action had not been "commenced" because service was not obtained within the time specified by Civ.R. 3(A). *Id.* at ¶ 10. The court also rejected the plaintiff's contention that her filing of a new praecipe for residential service on June 14, 2007, had the effect of a dismissal and refiling under *Goolsby* and gave her another year to obtain service. The court further stated that contrary to the plaintiff's "assertion, *Goolsby* does not stand for the proposition that every new filing of a praecipe has 'the legal effect of a dismissal and [the] refiling of [a] complaint.' *Goolsby* merely recognizes the Supreme Court's unwillingness to engage litigants in the exercise of superfluous and impractical refiling." *Id.* at ¶ 13, citing Goolsby, 61 Ohio St.3d at 551, 575 N.E.2d 801.

**{¶ 51}** The court also said that "[t]he refiling of an identical complaint on June 14, 2007 would not have provided [plaintiff] with an additional year to obtain service because the statute of limitation [sic] had expired by then. * * * [Plaintiff's] argument that she perfected service within one year because she filed a new praecipe on July 14, 2007 lacks merit " *Id.* at ¶ 14, citing *Goolsby* at 550-551.

**{¶ 52}** Finally, the court held that even if the plaintiff had attempted to commence the suit by filing and trying to serve it on the defendant, the savings statute would not

---

[1] The court of appeals did not indicate the date of service in April 2009, i.e., whether it occurred within one year of April 23, 2008, when the amended complaint was filed.

apply because the plaintiff did not fail "otherwise than on the merits" under R.C. 2305.19(A) until the court vacated the default judgment and granted the motion to dismiss in September 2009. *Bentley*, 9th Dist. Summit No. 25039, 2010-Ohio-2735, at ¶ 15. The court, therefore, concluded that the plaintiff could not have commenced a new action on July 14, 2008 (when she filed a new praecipe for residential service), because the action had not yet failed on the merits. *Id.*

## 2. *Hubiak*

**{¶ 53}** In *Hubiak*, the plaintiffs filed a medical malpractice suit on October 27, 2011, and requested service, which was completed by Federal Express within one month. *Hubiak*, 2014-Ohio-3116, 15 N.E.3d 1238, at ¶ 2-3. At the time, the court had standing orders making employees of Federal Express authorized process servers. In January 2013, the defendants moved to dismiss the case because the Civil Rules did not provide for service of complaints by that method when the complaint was filed. After the case was dismissed, the plaintiffs appealed. On appeal, the court concluded that at least one group of defendants had waived insufficiency of service by failing to include it in their answers, and the case was, therefore, pending, even though service had not been made on some defendants within one year. *Id.* at ¶ 29.[2] Based on this fact, the court applied the amended rules of Civil Procedure (which authorized service by Federal Express) to the remaining defendants, finding that to do so would not be prejudicial because they had actual notice and had participated in the proceedings. *Id.* at ¶ 31-32.

---

[2] As noted, the case before us was "pending," because both COA and Mount Carmel were properly served. The only dispute concerned service on Dr. Humphreys.

{¶ 54} As to the defendants who had waived service, the court found that Civ.R. 3(A) had not been violated because these defendants had filed their answers waiving service within the one-year period in Civ.R. 3(A). *Id.* at ¶ 33-40. The court did not discuss R.C. 2305.19, nor was there any need to do so. Accordingly, this case is different both factually and with respect to the judgment that was entered, and would not warrant certification of a conflict.

### 3. *Suiter*

{¶ 55} In *Suiter*, the plaintiffs filed a medical malpractice and loss of consortium suit on May 27, 2010, and served the defendants by Federal Express. *Suiter*, 9th Dist. Summit No. 27496, 2015-Ohio-3330, at ¶ 2. In January 2012, the plaintiffs filed an amended complaint, adding additional defendants, and again served the defendants by Federal Express. *Id.* at ¶ 4. Ultimately, the trial court dismissed the case against one of the defendants who was originally named, based on lack of personal jurisdiction due to the defective service. *Id.* at ¶ 9. (The plaintiff had previously dismissed the other original defendant.)

{¶ 56} On appeal, the court rejected the plaintiffs' claim that the amendment to Civ.R. 4.1, allowing service by Federal Express, should be applied retroactively. In this situation, unlike *Hubiak*, neither defendant had been served before the one-year time limitation in Civ.R. 3(A) expired. The court, therefore concluded that the action had never "commenced" for purposes of Civ.R. 3(A). *Id.* at ¶ 22. Again, the court did not discuss the savings statute or the fact that a plaintiff must only "attempt to commence" an action. Furthermore, to the extent that *Suiter* has any relevance, it indicates that where service

has been made on at least one party, an action has been "commenced." This is not inconsistent with our decision in *Moore*.

{¶ 57} Ultimately, the court of appeals also concluded that the trial court erred in dismissing the case with prejudice, because the plaintiffs claimed the statute of limitations had been tolled and whether the claims were barred was not clear from the face of the complaint. *Id.* at ¶ 34. Again, the decision in this case involved different facts and does not conflict with our judgment.

E. Eleventh District Court of Appeals

{¶ 58} The cited case from the Eleventh District Court of Appeals is *Gibson*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995. In that case, an auto accident occurred on January 12, 2004, and suit was filed on January 10, 2006, two days before the statute of limitations expired. *Id.* at ¶ 3. The next day, the clerk sent certified mail service of the complaint to the defendant, but the service failed and no further attempts were made. *Id.* at ¶ 3-4.

{¶ 59} In October 2007, the plaintiff filed an amended complaint against the defendant and two insurance companies, and then obtained service on the defendant in late November 2007. *Id.* at ¶ 5. After the trial court dismissed the claim against the defendant without prejudice, the plaintiff appealed. *Id.* at ¶ 8-9.

{¶ 60} On appeal, the court first concluded that the plaintiff failed to commence her action under Civ.R. 3(A) because she failed to obtain service within one year. *Id.* at ¶ 26-29. Although the plaintiff had filed an amended complaint and had perfected service within one year of that date, the court held that she could not use the savings statute in

R.C. 2305.19. The court decided that *Goolsby* applied only in limited circumstances – specifically where a party had the ability to dismiss and refile within the statute of limitations. *Id.* at ¶ 41-44. However, the court did not specifically discuss the fact that R.C. 2305.19 only requires that a party "attempt to commence" an action. The court did distinguish a prior case that had been reversed by the Supreme Court of Ohio. *Id.* at ¶ 53, fn.5, citing *LaNeve v. Atlas Recycling, Inc.*, 172 Ohio App.3d 44, 2007-Ohio-2856, 872 N.E.2d 1277 (11th Dist.), *rev'd* 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25.

{¶ 61} In this regard, the court rejected the plaintiff's argument that under *LaNeve*, she had attempted to commence her action by filing the complaint in the trial court and should be able to refile beyond the statutory period. *Gibson*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995, at ¶ 53, fn. 5. The court distinguished *LaNeve* because it involved an action that was not commenced properly under Civ.R. 15(D), and was also reversed by the Supreme Court of Ohio. *Id.*

{¶ 62} In *LaNeve*, the plaintiff was injured at his place of employment on May 28, 2002. He and his wife then filed an action against the employer and various "John Doe" defendants on May 28, 2004. *LaNeve*, 172 Ohio App.3d 44, 2007-Ohio-2856, 872 N.E.2d 1277, at ¶ 2. The plaintiffs filed an amended complaint on May 6, 2005, replacing two John Doe defendants with Container Port and China Shipping, but served these defendants by certified mail rather than serving them personally as required by Civ.R. 15(D). *Id.* at ¶ 2-3.

{¶ 63} Container Port and China Shipping then filed motions to dismiss, contending that the amended complaint was time-barred, because they had not been correctly served and the complaint did not relate back. *Id.* at ¶ 3-4. The trial court

agreed and dismissed the claims against these defendants with prejudice. *Id.*

{¶ 64} On appeal in *LaNeve*, the defendants argued that the amended complaint did not relate back because they were not personally served as required by Civ.R. 15(D). *Id.* at ¶ 10-12. They further argued that because proper service was not made on them within the one-year period required under Civ.R. 3(A), the action was not commenced within the limitations period. *Id.* In discussing this, the Eleventh District stated that "[t]he flaw in this argument results from failure to account for the interaction of Civ.R. 3(A) and the savings statute, R.C. 2305.19." *Id.* at ¶ 13. After making this comment, the court discussed *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, and its own prior decision in *Fetterolf v. Hoffmann–LaRoche, Inc.*, 104 Ohio App.3d 272, 661 N.E.2d 811 (11th Dist.1995). *Id.* at ¶ 13-17.

{¶ 65} Applying these cases, the court concluded that the plaintiffs had attempted to commence their action within the limitations period for purposes of R.C. 2305.19(A). The court further stated that the filing of the amended complaint with instructions for service was the equivalent of a voluntary dismissal and refiling, i.e., a failure otherwise than on the merits, and brought the savings statute into operation. As a result, the plaintiffs had one year from May 6, 2005 to perfect service. *LaNeve*, 172 Ohio App.3d 44, 2007-Ohio-2856, 872 N.E.2d 1277, at ¶ 18.

{¶ 66} The court reasoned that the phrase "attempted to be commenced as used in the savings statute, R.C. 2305.19(A) * * * means what it says: the savings statute preserves, for a year, any action that a would-be plaintiff has tried to commence, without success, due to the circumstances listed in the statute. A failure to comply with technical service rules – such as that in Civ.R. 15(D) – is exactly the sort of attempt to commence

an action to which the savings statute is directed." *Id*. at ¶ 20. The court, therefore, reversed the dismissal of the action. *Id*. at ¶ 22.

**{¶ 67}** On further appeal, the Supreme Court of Ohio accepted a certified conflict and reversed the judgment. *See LaNeve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25. The certified conflict was: " 'Does the Ohio savings statute, R.C. 2305.19(A), apply to an action where plaintiff fails to comply strictly with the requirements of Civ.R. 15(D) in serving the original complaint.' " *Id*. at ¶ 7.

**{¶ 68}** Contrary to the implication in *Gibson*, the Supreme Court of Ohio did not entirely disagree with the lower court decision of the Eleventh District Court of Appeals. The court noted that Civ.R. 15(D) addresses a "unique situation" and "specific requirements" accompany the rule. Because the rule requires personal service, "[s]ervice on the formerly fictitious, now identified, defendant by certified mail is 'clearly not in accordance with the requirement of Civ.R. 15(D).' " *Id*. at ¶ 10, quoting *Amerine v. Haughton Elevator Co.*, 42 Ohio St.3d 57, 58, 537 N.E.2d 208 (1989). The court noted that if the specific requirements in Civ. R. 15(D) are met, "the relations-back provisions of Civ.R. 15(C) are then considered. * * * 'Because of relation back, the intervening statute of limitation does not interfere with the opportunity to amend.' * * * An amendment relates back to the date of an original complaint if the parties are not changed. * * * The substitution of a fictitious name for a real name is not changing a party." *Id*. at ¶ 11, quoting Civ.R. 15 Staff Notes (1970).

**{¶ 69}** Citing Civ.R. 3(A), the court further commented that "[t]he rule pertaining to the commencement of a civil action specifically permits an amendment made pursuant to Civ.R. 15(D) to relate back to the filing of an original complaint, provided service is

obtained within one year of the filing of the original complaint." *Id.* at ¶ 12. Nonetheless, the court also observed that "[i]n appropriate circumstances, the saving statute of R.C. 2305.19(A) allows an original action that has either been properly commenced or 'attempted to be commenced' to be voluntarily dismissed and then refiled or replaced with an amended complaint against the same defendant based on the same injury, even if the applicable statute of limitations has expired at the time of the refiling. The application of the R.C. 2305.19(A) saving statute extends the Civ.R. 3(A) time period in which to serve a defendant by one additional year." *Id.* at ¶ 13.

{¶ 70} This is consistent with our discussion in *Moore*. In fact, we discussed *LaNeve*. *See Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831, at ¶ 65 and 94. The Supreme Court of Ohio concluded in *LaNeve*, however, that R.C. 2305.19(A) could not be appropriately applied to that case. The court stressed that "[a]n attempt to commence an action as contemplated by R.C. 2305.19, however, must be pursuant to a method of service that is proper under the Civil Rules. Certified mail is an improper method of service under Civ.R. 15(D), which specifies that personal service is the only method by which a fictitious, now identified, defendant may be served." *LaNeve*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, at ¶ 17.

{¶ 71} In sum, *Gibson's* reason for failing to discuss *LaNeve* was incorrect. *See Gibson*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995, at ¶ 53, fn.5. A dissenting judge in *Gibson* also argued that Civ. R. 3(A) only requires service on "a named defendant," and that since service was obtained within one year on two other defendants, the action should have been deemed commenced under Civ.R. 3(A). *Id.* at ¶ 68 (Cannon, J., dissenting).

IV.   Conclusion

**{¶ 72}** Having considered the alleged conflict cases, we conclude, as noted in *Moore*, that "there is no doubt that inconsistency exists among appellate decisions and even among decisions within some districts, nor is there any question that this is a complex subject."   *Moore*, 10th Dist. Franklin No. 2017APE-10-754, 2018-Ohio-2831, at ¶ 94.   Accordingly, we find that our decision in *Moore* conflicts in certain respects with the following cases from the Eighth, Ninth, and Eleventh Appellate Districts:   *Anderson v. Borg-Warner*, 8th Dist. Cuyahoga Nos. 80551, 80926, 2003-Ohio-1500; *Pewitt v. Roberts*, 8th Dist. Cuyahoga No. 85334, 2005-Ohio-4298; *Sheldon v. Burke*, 8th Dist. Cuyahoga No. 103576, 2016-Ohio-941; *Khatib v. Peters*, 2017-Ohio-95, 77 N.E.3d 461 (8th Dist.); *Bentley v. Miller*, 9th Dist. Summit No. 25039, 2010-Ohio-2735; and *Gibson v. Summers*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995.

**{¶ 73}** While Appellees failed to present a correct question for certification, we certify the following question:

> Does the Ohio savings statute, R.C. 2305.19(A), apply to an action in which a plaintiff attempts, but fails to perfect service on the original complaint within one year pursuant to Civ.R. 3(A)?   If so, when a plaintiff files instructions for service after the Civ.R. 3(A) one-year period, does the request act as a dismissal by operation of law and also act as the refiling of an identical cause of action so as to allow the action to continue?

V.   Disposition

**{¶ 74}** Based on the preceding discussion, Appellees' motion to certify a conflict is granted.

SO ORDERED.

_____
MARY E. DONOVAN, Visiting Judge
(Sitting by Assignment)


_____
JEFFREY M. WELBAUM, Visiting Judge
(Sitting by Assignment)


_____
MICHAEL L. TUCKER, Visiting Judge
(Sitting by Assignment)


(Hon. Mary E. Donovan, Hon. Jeffrey M. Welbaum, and Hon. Michael L. Tucker, Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.)




Copies mailed to:

David I. Shroyer
536 South High Street
Columbus, OH 43215

Grier D. Schaffer
2075 Marble Cliff Office Park
Columbus, OH 43215

Theodore M. Munsell
Joel E. Sechler

Emily M. Vincent
280 Plaza, Suite 1300
280 North High Street
Columbus, OH 43215

Hon. Richard A. Frye
Franklin County Common Pleas Court
345 South High Street
Columbus, OH 43215

AF//COA2