[Cite as *Soliman v. Nawar*, 2023-Ohio-1762.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Hayam Soliman, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-633 |
| v. | : | (C.P.C. No. 21DR-668) |
| Wael Nawar, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on May 25, 2023

**On brief:** *Wael Nawar*, pro se. **Argued:** *Wael Nawar*.

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

BEATTY BLUNT, P.J.

{¶ 1} Defendant-appellant, Wael Nawar, appeals from the decision, judgment entry, and decree of divorce issued by the Franklin County Court of Common Pleas, Division of Domestic Relations on October 5, 2022. Mr. Nawar, appearing pro se, asserts seven assignments of error with the trial court's judgment:

> **First Assignment of Error:** The Court erred and abused its power and acted by racist and un-fairly way without impartially.
>
> **Second Assignment of Error:** The verdict is contrary to law, The verdict is contrary to the weight of the evidence, Defendant was denied a fair and impartial trial because The Court erred in [committing numerous alleged errors on the day of trial and at trial].
>
> **Third Assignment of Error:** The court order was not working for the best interest for the child.

**Fourth Assignment of Error**: The Judge did not taking serious action to help the appellant from practicing his parenting time when the appellee prevent him many times without any actions from the court. Also suffered from lacking communication with the appellee and the court did not taking any actions to solve this issue.

**Fifth Assignment of Error:** There were also a discrimination at the treatment between the appellant and the appellee[] When the Judge allowed the appellee and her attorney to entered to the court room while it was a zoom hearing and before that there were a similar situation but the appellant [was] prevented from entering the court room when the appellee was on zoom.

**Sixth Assignment of Error:** The court did not respect any foreigner court order issued before this court looked on this case. Where there were an Egyptian court order and an Egyptian divorce decree issued before this case raised and settled. "He did not care about Egyptian court order". Which is against what it supposed to do according to international Judicial agreement where the foreigner court order must be respectful according to the U.S.A department of Justice rules.

**Seventh Assignment of Error:** The judge did not follow the Ohio Civ. R. 4.2 When the judge said that he will allow the appellee to do the service for the compliant of the divorce by the publication. Which is against in what came inside the Ohio Civ. Rule. 4.2 Which allowed the publication when the defendant address be unknown. But at this case the defendant address was known and in Egypt. But the judge did not direct the appellee to serve the appellant at this case according to the Hague-convention Service. Which proofed that there were a discrimination against the appellant.

(Sic passim.)  (Brief of Appellant at 6, 7, 28-29.)

{¶ 2}   Unfortunately, we are largely unable to address the merits of Mr. Nawar's arguments.  On August 22, 2022, the case was presented to the court for trial, and according to the court's judgment entry, on that date "Plaintiff appeared represented by Attorney Lindsey Hutchinson and the Defendant [Mr. Nawar] appeared pro se. *Testimony and evidence were presented in this cause of action and at the conclusion of the hearing counsel and Defendant were permitted to submit written closing arguments* and thereafter the matter was taken under advisement." (Emphasis added.) (Decision & Jgmt.

Entry at 1.)  The court proceeded to make findings of fact and conclusions justifying its award of the divorce, division of property, and award of custody and parenting time.  *Id.*

{¶ 3}  The record before us does not include a copy of the trial transcript.  Prior to filing his notice of appeal, Mr. Nawar filed a motion requesting the trial court "to order the official court reporter to prepare a complete transcript of all proceeding[s] had in the trial court" at state expense.  (*See* Sept. 25, 2022 Mot. at 1.)  But on October 24, 2022, Mr. Nawar withdrew that motion. It does not appear that a transcript was ever prepared, and the court's records establish that no transcript nor any praecipe to the court reporter requesting preparation of a transcript has ever been filed.

{¶ 4}  App.R. 9(B)(3) states that "[t]he appellant shall order the transcript in writing and shall file a copy of the transcript order with the clerk of the trial court," and App.R. 9(B)(1) provides that "it is the obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications" of the appellate rules.  And in this district, we adhere to the well-settled rule that if " 'portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and this, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.' " *Mills v. Mills*, 10th Dist. No. 10AP-495, 2011-Ohio-2848, ¶ 11 (affirming decree of divorce), quoting *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980).

{¶ 5}  On review of Mr. Nawar's merit brief, we must conclude that his first, second, third, fourth, and fifth assignments of error assert errors with the trial court's procedures that require a careful review of the trial transcript.  We cannot find error with the trial court's actions based simply on Mr. Nawar's allegations, and without reference to a record demonstrating the existence of the alleged errors, we presume the regularity of the trial court's trial proceedings.  *See, e.g., Mills* at ¶ 11-18 (overruling assignment of error and affirming grant of divorce).  Accordingly, in the absence of a trial transcript, we overrule Mr. Nawar's first, second, third, fourth, and fifth assignments of error.

{¶ 6}  We can, however, review the merits of Mr. Nawar's sixth and seventh assigned errors; although a transcript of the record might have been useful in examining the merits of the arguments raised therein, when read charitably the assignments of error

themselves allege that the trial court committed errors of law by disregarding the judgment of a foreign court and by failing to dismiss the case for insufficiency of service of process. And although we lack a transcribed record of the hearing at which the challenged judgments were made, the record does reflect that acting on behalf of the trial court a magistrate did reject Mr. Nawar's contentions as to both issues. (*See* July 26, 2021 Memo/Zoom Status Conference Hearing Notes at 1.) We therefore will address each of Mr. Nawar's sixth and seventh assigned errors in turn.

{¶ 7} In his sixth assigned error, Mr. Nawar contends that the trial court lacked authority to proceed to issue a divorce decree because he had previously obtained a divorce in Egypt, and the court was required by principles of judicial comity to accept the terms of that foreign divorce.

{¶ 8} First, as this court recognized in *Gargallo v. Gargallo*, 10th Dist. No. 72AP-248, 1973 Ohio App. LEXIS 1522, *11 (Jan. 9, 1973), "[T]his state recognizes divorces granted by foreign countries to citizens of the United States where the parties were domiciliaries of such foreign country at the time the divorce was granted in accordance with the law of that country. Likewise, this state has jurisdiction to grant divorces to or against citizens of foreign countries who are domiciliaries of this state." (Citations omitted.) *Id.* At no point in the history of these divorce proceedings was the plaintiff a domiciliary of Egypt—she filed the action on March 3, 2021 (nearly four months prior to the alleged Egyptian divorce), and at that point averred that she and Mr. Nawar "have each been residents of the State of Ohio for more than six (6) months and residents of the County of Franklin for more than ninety (90) days immediately preceding the filing of this complaint." (Compl. at ¶ 1; Feb. 26, 2021 Sworn Verification at 1.)

{¶ 9} By contrast, it appears that Mr. Nawar has admitted that he was a domiciliary of Franklin County prior to the filing of the complaint. Although certified mail service to the address given for Mr. Nawar was returned unclaimed, and although on May 18, 2021 Mr. Nawar filed a notice to the court asserting that his "known current address to the Plaintiff" was an apartment in Egypt, certified mail service to Mr. Nawar to his current address in Michigan was successfully made on June 14, 2021. And on August 27, 2021 Mr. Nawar's then-counsel filed an answer to the plaintiff's complaint in which he "admit[ted] the allegations in Paragraph[s] 1-4 of the [plaintiff's] Complaint," including the

allegation that he was a domiciliary of Ohio and Franklin County prior to the filing of the action. (*See* Aug. 27, 2021 Answer & Countercl. at ¶ 1.)

{¶ 10} Accordingly, Mr. Nawar conclusively admitted the jurisdictional facts necessary for the trial court to determine the divorce. But even more damningly, Mr. Nawar's own submissions to the trial court undermine his contention that it was required to dismiss the case and defer to the judgment of the Egyptian court. On July 20, 2021, Mr. Nawar submitted an unauthenticated and uncertified copy of what he claimed was an Egyptian certificate of divorce between the parties. (*See* July 20, 2021 Terminate Case Request at 1-2.) But according to his own submission, "[t]his marriage has been done in Egypt by two Egyptian citizens and according to Egyptian law, so the jurisdiction is the Egyptian courts, based on that *I did the divorce in Egypt on 06/29/2021 to be legal divorce based on that jurisdiction after I have known that [Plaintiff] raised a case in front of American court requesting divorce.*" (Emphasis added.) *Id.* at 1. Even if there were evidence in the record establishing that Mr. Nawar had moved to Eqypt—and there is not— by his own admission he did not seek a divorce in Egypt until after the case against him in Franklin County had already begun.

{¶ 11} "Comity, which refers to an Ohio court's recognizing a foreign decree, is a matter of courtesy rather than of right." *State ex rel. Lee v. Trumbull Cty. Probate Court*, 83 Ohio St.3d 369, 374 (1998), citing *e.g. Yoder v. Yoder*, 24 Ohio App.2d 71, 72 (5th Dist.1970). In *Baze-Sif v. Sif*, 10th Dist. No. 15AP-152, 2016-Ohio-29, we explained:

> Comity is a principle in accordance with which the courts in one state or jurisdiction will give effect to the laws and judicial decisions of another, not as a matter of obligation but out of deference and respect. States are empowered, if they elect to do so, to recognize the validity of certain judicial decrees of foreign governments when they are found by the state of the forum to be valid under the law of the foreign state, and when such recognition is harmonious with the public policy of the forum state. An Ohio court's recognition of a foreign decree is a matter of courtesy rather than of right. An Ohio court is not bound to enforce a foreign judgment when it is repugnant to the laws of the United States and Ohio or violates Ohio public policy.
>
> The issue of comity is frequently applied in divorce cases; a decree of divorce granted in one country by a court having jurisdiction to do so will be given full force and effect in another

> country by comity. However, a decree of divorce will not be recognized by comity where it was obtained by a procedure which denies due process of law in the real sense of the term, or was obtained by fraud, or where the divorce offends the public policy of the state in which recognition is sought, or where the foreign court lacked jurisdiction. We review a trial court's decision to grant or deny comity under an abuse of discretion standard.

(Internal citations and quotations omitted.) *Id*. at ¶ 11-12.

{¶ 12} Even assuming the procedures that granted the divorce in Egypt were considered valid under that country's law (a fact of which we cannot be assured based on the record before us), Mr. Nawar has cited no authority that would compel the trial court to accept the foreign divorce decree proffered here: where the foreign divorce was obtained by a single party without any indication that the opposing party had any awareness of the proceeding, and where the foreign divorce action was not even commenced until after the local trial court had already commenced procedures in its own divorce case. We are not aware of any legal authority requiring or even supporting a grant of judicial comity to the proffered Egyptian decree under these circumstances, which appear to violate basic principles of "due process of law in the real sense of the term." *Id*. at ¶ 12. *Compare Kaur v. Bharmota*, 182 Ohio App.3d 696, 701-08, 2009-Ohio-2344 (10th Dist.) (holding that evidence submitted to the court established that 1961 foreign divorce was validly obtained under Indian law controlling at the time). Accordingly, we believe the trial court correctly concluded that it was not required to accept the proffered Egyptian divorce decree and overrule Mr. Nawar's sixth assignment of error.

{¶ 13} In his seventh assignment of error, Mr. Nawar contends that he was not correctly served with process in the divorce, in that he was required to be served in Egypt in accordance with the rules of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, pursuant to Civ.R. 4.5(A). *See for example Tadross v. Tadross*, 8th Dist. No. 104372, 2017-Ohio-930, ¶ 5-7 (holding that who was defendant to Ohio divorce action but was domiciled in Egypt was required to be served pursuant to Civ.R. 4.5(A)).

{¶ 14} But here, Mr. Nawar does not reside in Egypt—in fact, according to the record it appears he was served in and currently resides in Michigan. (*See* June 17, 2021 Service

of Certified Mail at 1.) The mere fact that Mr. Nawar had an Egyptian address and claims in an unauthenticated and unsworn pleading that does not establish his domicile for service purposes. (*See* May 18, 2021 Relocation Notice at 1.)

{¶ 15} More importantly, though, is that Mr. Nawar, through his then-counsel, filed an answer and counterclaim in this case, in which he admitted domiciliary of Ohio and Franklin County prior to the filing of the action, but in which he did not assert the defense of insufficiency of service of process. (*See generally* Aug. 27, 2021 Answer & Countercl.) "Pursuant to Civ.R. 12(H), a defendant waives the affirmative defenses of lack of jurisdiction over the person or insufficiency of service of process unless the defenses are presented (1) by motion before pleading pursuant to Civ.R. 12(B), (2) affirmatively in a responsive pleading under Civ.R. 8(C), or (3) within an amended pleading under Civ.R. 15." *Kvinta v. Kvinta*, 10th Dist. No. 02AP-836, 2003-Ohio-2884, ¶ 75, citing *State ex rel. The Plain Dealer Publishing Co. v. Cleveland*, 75 Ohio St.3d 31, 33 (1996). Mr. Nawar did not file a motion to dismiss prior to the filing of his answer and counterclaim, and did not assert the defense of insufficiency of service of process in an answer or amended answer. Even if we broadly construe Mr. Nawar's letter requesting termination of the case as a motion to dismiss, he did not at that time assert a defense that service of process was insufficient; rather, he argued *exclusively* that the proffered Egyptian decree of divorce rendered the trial court action moot, because "the divorce has already been done." (July 20, 2021 Terminate Case Request at 1.) Accordingly, pursuant to *Plain Dealer Publishing* and this Court's decision in *Kvinta*, Mr. Nawar forfeited the defense of insufficiency of service of process. *See Kvinta* at ¶ 75, citing *Plain Dealer Publishing Co.* at 33, and *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 60 (1974). It was therefore not erroneous for the trial court to proceed with the divorce action, as Mr. Nawar's own actions were responsible for the court's decision. Mr. Nawar's seventh assignment of error is overruled.

{¶ 16} For all the foregoing reasons, Mr. Nawar's seven assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations is affirmed.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.

————————————